[No. F010685. Fifth Dist. Aug. 8, 1989.]

MAYFLOWER INSURANCE COMPANY, Plaintiff, v.
MICHAEL ANTHONY PELLEGRINO et al., Defendants and
Appellants;
SUSAN E. KARASTATHAS et al., Defendants and Respondents.

COUNSEL

Paul S. Mosesian and James F. Tritt for Defendants and Appellants.

Morse, Morse & Morse and Brian D. Morse for Defendants and Respondents.

No appearance for Plaintiff.

OPINION

BEST, J.—Michael Anthony Pellegrino and Sue Pellegrino appeal from an order denying their petition to compel arbitration pursuant to the arbitration clause of the uninsured motorists coverage provisions of a policy of automobile liability insurance issued by plaintiff Mayflower Insurance Company. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On August 1, 1986, John N. Karastathas was a passenger in a vehicle owned and operated by appellant Michael A. Pellegrino. On that date, the Pellegrino vehicle was involved in a collision caused by the operator of an uninsured motor vehicle. John N. Karastathas died as a result of the accident, leaving respondents, Susan, Alexis and Nicholas Karastathas, as his survivors. Michael Pellegrino alleged he received injuries in the collision and Sue Pellegrino asserted a claim for loss of consortium.

On or about March 19, 1987, plaintiff Mayflower Insurance Company (Mayflower) filed an amended complaint in interpleader, naming as defendants "SUSAN E. KARASTATHES [sic]; ALEX KARASTATHES [sic], a minor; NICHOLAS KARASTATHES [sic], a minor; ESTATE OF JOHN NICK KARASTATHES [sic], Deceased;" (hereinafter respondents) and "MICHAEL ANTHONY PELLEGRINO; SUE PELLEGRINO;" (hereinafter appellants). It set forth a solitary interpleader cause of action concerning the $300,000 limits of uninsured motorist coverage in a policy issued to appellants. It alleged that appellants and respondents asserted claims against the uninsured motorist policy exceeding, in the aggregate, the $300,000 policy limits. Mayflower could not determine whom to pay or how much to pay any of the claimants and consequently filed its interpleader action, depositing with the clerk of the Merced County Superior Court the sum of $300,000.

Respondents answered on June 25, 1987, denying that they claimed exclusive entitlement to the entire proceeds and admitting a conflict between themselves and appellants as to the pro rata division of the policy proceeds.

Respondents requested that the court make a pro rata division of the policy proceeds based upon the gross damages claimed by appellants and respondents.

Appellants answered on June 29, 1987, also denying that they claimed exclusive entitlement to payment of the entire policy proceeds. By way of affirmative defense, appellants alleged the bad faith of Mayflower and respondents in dealing with their claims arising from the accident and requested an order directing payment to each named defendant who was a claimant that portion of the policy proceeds to which that person may be entitled.

Having interpleaded the entire policy proceeds, Mayflower filed a motion for judgment on the pleadings that was granted on May 12, 1988, discharging Mayflower from the case and awarding it costs and attorney fees. A court trial on the remaining issues, the conflicting claims of appellants and respondents, was scheduled for June 21, 1988.

On May 13, 1988, 21 months after the August 1, 1986, collision, and just one month before the scheduled court trial of the instant matter, appellants filed in the interpleader action a petition to compel arbitration and to stay the proceedings of the pending action until arbitration is completed, pursuant to the arbitration clause in the insurance policy and Insurance Code[1] section 11580.2, subdivision (f). Appellants also filed a memorandum of points and authorities in support of their petition to compel arbitration.

A memorandum of points and authorities in opposition to the petition to compel arbitration was filed by respondents; however, no answer to the petition or other responsive pleading was filed.

Following a hearing and the submittal of proposed orders by counsel for appellants and respondents, the court entered its written order denying the petition to compel arbitration and request for stay of the proceedings. The court's order recited that Mayflower had been granted a motion for judgment on the pleadings, that Mayflower had previously deposited with the court the $300,000 policy limits, that a dispute existed as to the amount of damages to which appellants and respondents were entitled, and that the uninsured motorist policy contained a provision for arbitration.[2] The court

---

[1] All statutory references are to the Insurance Code unless otherwise indicated.

[2] The arbitration clause provides in pertinent part: "If we cannot agree with you on either:
"(a) the amount of damages; or
"(b) whether you are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle; then you or we may make a written demand for arbitration. In this event, the matter or matters upon which either party do not agree shall be settled by a single

further found as follows: "That the arbitration clause was between the insured (Pellegrinos) and the insurer (Mayflower Insurance Company) and that the clause contemplated arbitration only between the insured and the insurer. Therefore, the Pellegrinos are not entitled to arbitration of their claims as against defendants Karastathas.

". . . No authority was submitted to the Court that showed the Pellegrinos have waived their right to request arbitration."

## DISCUSSION

The sole issue to be determined on this appeal is the correctness of the trial court's order denying appellants' petition to compel arbitration. Respondents do not dispute the appealability of that order (see Code Civ. Proc., § 1294, subd. (a)), nor do they disagree with appellants' contention that the appeal involves, with minor exceptions, primarily questions of law, which are subject to de novo review. (See *Hurtado* v. *Statewide Home Loan Co.* (1985), 167 Cal.App.3d 1019, 1027 [213 Cal.Rptr. 712], overruled on other grounds in *Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 479 [243 Cal.Rptr. 902, 749 P.2d 339]; *Estate of Coate* (1979) 98 Cal.App.3d 982, 986 [159 Cal.Rptr. 794].)

The trial court, in essence, held that respondents were not bound by the arbitration clause because they were not parties to the insurance contract. This fact, however, was immaterial to the extent that respondents were claiming to be third party beneficiaries under the insurance policy's uninsured motorists provision. As stated by our Supreme Court in *Van Tassel* v. *Superior Court* (1974) 12 Cal.3d 624, at page 626: "The existence of the arbitration agreement does not depend upon the standing of a claimant to recover. The agreement was made by the insurer and the named insured, as mandated by the statute; and anyone claiming to be an insured under the broad definition contained in the policy is claiming as a third party beneficiary of the named insured and is bound by the terms of the agreement made by him." (See also *Farmers Ins. Exch.* v. *Ruiz* (1967) 250

---

neutral arbitrator. The decision made by the arbitrator may be entered in any court having jurisdiction. . . .

". . . . . . . . . . . . . .

"Any decision of the arbitrator will be binding as to:

"(1) whether the Covered Person is legally entitled to recover damages; and

"(2) the amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your insured auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrator will be binding."

Cal.App.2d 741, 745 [59 Cal.Rptr. 13], ["If the claimant is conceded to be an insured within the meaning of the policy and the controversy between the insured and his insurance company concerns the amount payable from the insurance company to the claimant, the italicized words of the *Ruiz* clause constitute an agreement to submit that controversy to arbitration"], overruled on other grounds in *Van Tassel* v. *Superior Court, supra,* at pp. 627-628.) Thus, the trial court's order denying arbitration cannot be upheld under the reasoning provided in the court's order.

■  Respondents correctly point out, however, that in connection with the nature of appellate review, a correct decision of the trial court must be affirmed, even if the grounds upon which the trial court reached its conclusion are not correct. As stated in 9 Witkin, California Procedure (3d ed. 1985) Appeal, section 259, at page 266: "The rule is thus stated in *Davey* v. *Southern Pac. Co.* (1897) 116 C. 325, 329, 48 P. 117: 'The fact that the action of the court may have been based upon an erroneous theory of the case, or upon an improper or unsound course of reasoning, cannot determine the question of its propriety. No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' " Therefore, if the trial court's order denying the petition to compel arbitration is sustainable on any theory of law, it will be affirmed.

I

*Do the Insurance Policy Language and Section 11580.2 Contemplate Arbitration Only for Those Disputes Arising Between the Insurer and the Insured?*

As will be recalled, the trial court ruled as follows: "That the arbitration clause was between the insured (Pellegrinos) and the insurer (Mayflower Insurance Company) and that the clause contemplated arbitration only between the insured and the insurer. Therefore, the Pellegrinos are not entitled to arbitration of their claims as against defendants Karastathas."

■  Under *Van Tassel* v. *Superior Court, supra,* 12 Cal.3d 624, 626, anyone claiming to be an insured under the broad definition contained in the policy is claiming as a third party beneficiary and is bound by the terms of the agreement. Thus, to the extent that part of the trial court's reason for denying arbitration was that the Karastathases were not bound by the terms of the policy, such reason was erroneous. However, the court's statement

also appears to indicate that since the policy language only contemplated arbitration between the insurer and the insured, the arbitration clause did not apply with respect to two or more insureds where the insurer was not involved.

▬ Appellants contend that the "we" and "you" language of the arbitration clause, which arguably limits arbitration to the insurer and the named insured, is completely irrelevant. Appellants contend that since the uninsured motorist coverage is required to comply with section 11580.2, the terms and conditions of the coverage must be measured by the requirements of the statute, which is read into the contract. (Citing *Cothron* v. *Interinsurance Exchange* (1980) 103 Cal.App.3d 853, 858 [163 Cal.Rptr. 240]; *Rankin* v. *West American Ins. Co.* (1978) 84 Cal.App.3d 829, 836 [149 Cal.Rptr. 57].)

Respondents appear to agree with this contention. They contend: "Although Respondents may be included in the definition of 'insured(s)' under the Insurance Code, the critical issue to the determination of this appeal is whether controversies not involving the insurer fall within the arbitration requirements of Section 11580.2(f). Examination of the statute compels a negative response to this question."

Section 11580.2, subdivision (f), provides in pertinent part: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . . Article 3 (commencing with Section 2016) of Chapter 3 of Title 3 of Part 4 of the Code of Civil Procedure shall be applicable to these determinations, and all rights, remedies, obligations, liabilities and procedures set forth in Article 3 shall be available to both the insured and the insurer at any time after the accident, both before and after the commencement of arbitration, . . ."

Despite their contention that the terms and conditions of the coverage must be measured by the requirements of the statute, appellants fail to point out in what manner the arbitration clause in the insurance policy is less broad, or more restrictive, than the statute, specifically subdivision (f). Indeed, appellants fail to even point out in what respect the language of the statute would support a contention that it contemplates arbitration of disputes between two or more insureds where no insurer is involved.

We conclude the opposite conclusion should be reached, i.e., that the statute only contemplates arbitration between insureds and insurers. The

very words of section 11580.2, subdivision (f), indicate a legislative contemplation of disputes between insureds and insurers. Determination of entitlement to damages and the amount thereof are, in the first instance, to be "made by agreement between the insured *and the insurer* or, in the event of disagreement, by arbitration. . . . [A]ll rights, remedies, obligations, liabilities and procedures set forth in Article 3 shall be available to both the insured *and the insurer* at any time after the accident, . . ." (Italics added.) The same reference to the insured and the insurer is found in section 11580.2, subdivision (f), subsections (2), (5) and (6). Had the Legislature intended arbitration of disputes between parties other than insurer and insureds, the Legislature could have so provided in the statute. Thus, it appears that either an agreement or arbitration is to take place between only the insurer and insured.

The same result is obtained when the arbitration clause contained in the insurance policy is construed. It provides, in pertinent part: "If we cannot agree with you on either:

"(a) the amount of damages; or

"(b) whether you are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle;

"then you or we may make a written demand for arbitration. In this event, the matter or matters upon which either party do not agree shall be settled by a single neutral arbitrator."

Assuming the words "we" and "you" in this clause are interpreted as being synonymous with "insurer" and "insured," as used in section 11580.2, subdivision (f), which is the interpretation urged by appellants, it appears this clause is at least as broad as the statutory arbitration language. Thus, under either the statutory language or the arbitration clause, arbitration appears to be mandated only for insurer-insured disagreements.

■ Appellants correctly point out that there is a strong public policy favoring arbitration as an expeditious and economical means of dispute resolution. (See *Hawkins* v. *Superior Court* (1979) 89 Cal.App.3d 413, 416 [152 Cal.Rptr. 491].) However, this policy notwithstanding, it has also been held that there is no policy requiring arbitration of disputes the parties have not agreed to arbitrate and which no statute has made arbitrable. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 481 [121 Cal.Rptr. 477, 535 P.2d 341].)

■ Appellants' contention that "there is no reason why MAYFLOWER INSURANCE COMPANY needs to participate in the arbitration" misses the

point. The question here is whether the language of the uninsured motorist statute requires arbitration as between insureds, not whether arbitration can be accomplished without the participation of the insurer. Obviously, if the respondents were so inclined in this case, the parties could agree to submit the matter to arbitration. However, the question is whether appellants are entitled to compel arbitration under the policy or the statute. While the fact that the insurance company is not necessary to the arbitration proceedings does not offend appellants' proposed construction of the statute, in the face of the language the Legislature decided to use, it does not help it either.

Therefore, the specific language of section 11580.2, subdivision (f), and of the subject policy, compels affirmance of the order denying the petition to compel arbitration.[3]

## II

### *Have Appellants Waived Their Right to Compel Arbitration as a Matter of Law?*

Although respondents raised the issue of waiver below, the trial court stated in its order, ". . . No authority was submitted to the Court that showed the Pellegrinos have waived their right to request arbitration."

While waiver of a contractual right to arbitrate is ordinarily a question of fact, "where the record before the trial court establishes a lack of waiver as a matter of law, the appellate court may reverse a finding of waiver made by the trial court." (*Weisman* v. *Johnson* (1982) 133 Cal.App.3d 289, 293 [183 Cal.Rptr. 792].) The converse is also true—if the trial court finds a lack of waiver or makes no finding even though the record establishes a waiver as a matter of law, the appellate court may reverse the trial court's finding or hold there was a waiver as a matter of law where the issue was raised but no finding was made.

The right of a party to demand arbitration under an uninsured motorist policy is governed by the policy itself or section 11580.2, subdivision (i). Here, the policy did not provide a time frame in the arbitration clause which expanded the limitations of section 11580.2, subdivision (i), and thus, this case is governed by the Insurance Code. Section 11580.2, subdivision (i), provides as follows: "(i) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident:

---

[3] Given our conclusion, it is unnecessary to address respondents' contention that the interpleader statute should be held to supersede the uninsured motorist arbitration statute where there is no dispute between insurer and insured.

"(1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction and notice of such suit has been given the insurer, or

"(2) Agreement as to the amount due under the policy has been concluded, or

"(3) The insured has formally instituted arbitration proceedings."

"The statute sets forth the minimum requirements and its provisions are controlling on the subject of arbitration unless broadened by agreement of the parties." (*Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal.App.2d 333, 336 [43 Cal.Rptr. 476].) In a case similar to the one at bar, where the arbitration clause in the policy under consideration did not expand the limitations of section 11580.2, subdivision (i), the California Supreme Court in *Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d 473, at pages 486-487, held as follows on the issue of waiver: ". . . there is nothing in this arbitration clause which should be construed as an agreement to arbitrate a claim not asserted within the time limit specified in Insurance Code section 11580.2, subdivision (i). The pertinent language in that subdivision is 'No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident . . . .' That phrase 'cause of action' in that subdivision must have been intended to cover a proceeding to compel arbitration since that is the judicial proceeding which is the proper means of enforcing a policyholder's rights under that section. Clearly the Legislature has prescribed the one-year time limitation as a limitation upon the right to obtain an order of the superior court compelling arbitration."

In the instant case, the record fails to establish that appellants have fulfilled any of the conditions precedent that would permit a cause of action, such as a petition to compel arbitration, to accrue under section 11580.2, subdivision (i). Specifically, the record does establish that an agreement as to the amount due under the policy has *not* been concluded and that appellants failed to formally institute arbitration proceedings within one year from the date of the accident. The accident took place on August 1, 1986, and the institution of formal arbitration proceedings was not done until May 13, 1988, when appellants filed their petition to compel arbitration. There is also not one iota of evidence in the record that would suggest that a suit for bodily injury has ever been filed against the uninsured motorist in this case within the one-year time period under section 11580.2, subdivision (i)(1). Moreover, appellants have not even suggested in their appellate brief (no reply brief was filed) that this condition has been met. Accordingly, appellants have waived, as a matter of law, any right they may have had to

compel arbitration, and the trial court's order denying appellants' petition to compel arbitration must be affirmed on this ground as well.

Appellants contend they formally instituted arbitration proceedings within the meaning of the statute by making a demand for arbitration within one year from the date of the accident. The Insurance Code does not specify what is necessary to "formally institute arbitration proceedings." As noted above, however, the arbitration clause of the subject policy provides in pertinent part, "If we cannot agree with you . . . then you or we may make a written demand for arbitration." At the very least, then, a written demand for arbitration is required under the terms of the policy to "formally institute arbitration proceedings" within the one-year period of limitations.

No evidence whatsoever was presented below at the hearing on appellants' petition to compel arbitration. Appellants claimed for the first time during oral argument in this court that evidence of their demand for arbitration is to be found in paragraph 5 of their verified petition for arbitration which alleges as follows: "5. On or about December 2, 1986, Petitioners demanded that Mayflower Insurance Company arbitrate this matter. Mayflower Insurance Company has at all times refused, and still refuse[s] to arbitrate." Giving full evidentiary value to the factual allegations of paragraph 5 of the petition, it is not alleged that the demand for arbitration was a "written" demand, and, for this reason, does not satisfy the terms of the policy. It follows that even if the policy were construed to provide compulsory arbitration between insureds, by not formally instituting arbitration proceedings within one year from the date of the accident by making a written demand for arbitration, appellants have waived their right to compel arbitration as a matter of law.

### DISPOSITION

The order denying appellants' petition to compel arbitration is affirmed. Respondents are awarded their costs on appeal.

Martin, Acting P. J., and Brown (G. A.), J.,* concurred.

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.