[No. B056171. Second Dist., Div. Seven. Feb. 23, 1993.]

KIMBERLY JO HANDY et al., Plaintiffs, v.
FIRST INTERSTATE BANK OF CALIFORNIA et al., Defendants and
Respondents;
TRUCK INSURANCE EXCHANGE, Defendant and Appellant.

**COUNSEL**

Waldman & Chuang and Jeffrey J. Leist for Defendant and Appellant.

Paul, Hastings, Janofsky & Walker, Briane Nelson Mitchell, Alan S. Steinbrecher, Morris, Polich & Purdy, Robert S. Wolfe, Walter J. Lipsman and Douglas J. Collodel for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—In this appeal we are asked to decide whether a trial court may authorize an arbitrator in a court-ordered arbitration pursuant to Civil

Code section 2860, governing matters involving *Cumis* counsel, to decide issues concerning the scope of coverage provided by insurance policies, the existence of a conflict of interest and the insurers' respective duties to defend. We conclude Civil Code section 2860 does not authorize arbitration of these preliminary issues and reverse and remand the judgment of the trial court with directions to vacate the arbitrator's award.

### FACTS AND PROCEEDINGS BELOW

On May 4, 1988, a fire occurred in the First Interstate building in downtown Los Angeles. Although the precise cause of the fire was never determined, a Los Angeles Fire Department report indicated the fire started on the 12th floor of the building. First Interstate Bank of California (FICAL) and a subsidiary of its parent and holding company, First Interstate Bancorp (Bancorp), were tenants on the 12th floor.

The building itself is owned by First Interstate Tower (Tower), a joint venture of the Equitable Life Assurance Society of the United States (Equitable) and the United California Bank Realty Company (UCBRC). UCBRC is a wholly owned subsidiary of FICAL which in turn is a wholly owned subsidiary of Bancorp.

The Tower, and its partners and members, were insured through Continental Insurance Company (Continental) under a comprehensive business liability policy with bodily injury liability up to $1 million. The policy of insurance required Continental to defend the Tower and its partners.

Bancorp and FICAL were insured through Truck Insurance Exchange (Truck). One of Truck's policies was a comprehensive general liability policy issued to FICAL "or any subsidiary, company, corporation, partnership or firm as now or may hereafter be constituted." Truck also issued a similar policy which covered Bancorp "and any Corporation, Partnership, Joint Venture, Firm or Entity of any entity if fifty (50) percent is owned or controlled by the Named insured that now exist, has existed or will exist" with the exception of FICAL. Both Truck policies had liability limits of $1 million. The terms of the policies imposed a duty on Truck to defend FICAL and Bancorp. The Truck insurance policies also had "other insurance" clauses which provided that when the same risks for the same insureds were covered by any other insurance, Truck's policies would provide coverage for any liability in excess of the other insurer's or insurers' liability limit.

As a result of the fire, all the First Interstate entities became defendants in various lawsuits alleging personal injuries and property damage. All of the

civil actions were ordered consolidated under the lead case, Handy v. First Interstate Bank of California (Super. Ct. L.A. County, No. C690948). Continental agreed to defend the Tower. It also agreed to defend FICAL, subject to a reservation of rights, because of the possibility FICAL could become liable as the parent of UCBRC on an alter ego theory. Continental hired the law firm of Murtaugh, Miller, Meyer & Nelson to act as counsel for the Tower and FICAL. Because of the conflict arising from its reservation of rights, Continental consented, contingent on an agreement regarding fees, to the retention of the Paul, Hastings, Walker, Janofsky & Walker law firm (Paul, Hastings) by FICAL.

By July 1989, the vast majority of the civil suits were settled. FICAL, which had been paying Paul, Hastings's ongoing defense costs, sought reimbursement from its insurers for those costs and fees. Certain disputes arose including the rate at which the Paul, Hastings firm would be paid and whether all of the activity billed in defense of the tort suits was reasonable and necessary. Truck also questioned whether FICAL and Bancorp were entitled to choose their own defense counsel. An overriding issue was whether Truck was an excess insurer and therefore whether Truck was obligated to pay defense costs before the Continental policy was exhausted by payment of judgments or settlements.

FICAL and Bancorp filed a petition seeking an order to compel arbitration of all these disputes under the Arbitration Act. (Code Civ. Proc., § 1280 et seq.) Continental did not oppose arbitration of the fees the Paul, Hastings firm charged, nor of the related coverage dispute, but insisted the arbitration should be ordered under Civil Code section 2860 governing *Cumis* counsel matters.

Truck opposed the petition contending it had not agreed to arbitrate the issue whether it had a primary duty to defend.

On May 8, 1990, the petition to arbitrate was heard before Superior Court Judge, now Justice, Miriam A. Vogel. At the hearing, Truck contended the issue whether Truck was an excess insurer and therefore whether it had any responsibility to pay defense costs should not be subject to binding arbitration.

Judge Vogel granted the petition and ordered the matter referred for binding arbitration under Civil Code section 2860. The court ordered the entire dispute into arbitration, including the coverage dispute. The court declined any ruling on Truck's duty to defend and told Truck's counsel "You are absolutely free to assert in that action [the arbitration] that the

terms of your deal with Paul, Hastings don't come within 2860. So yes. He [the arbitrator] has jurisdiction to determine his own jurisdiction."

The subsequent order to arbitrate provided the matter was ordered to binding arbitration pursuant to Civil Code section 2860. The order also provided one of the issues for arbitration was "the apportionment between respondents [Truck and Continental] of the defense costs . . . to be reimbursed by respondents to petitioners . . . and any claims by respondents as to whether Civil Code section 2860 applies to the fees [sic] disputes among respondents and petitioners."

Before the arbitration proceedings began, Truck filed a motion to dismiss contending the arbitrator lacked jurisdiction to decide matters pursuant to Civil Code section 2860 because there was no conflict of interest between Truck and petitioners and because Truck had no primary duty to defend. The arbitrator denied Truck's motion.

The arbitrator found the insurers were not required to pay the $1,168,000 defense cost bill presented by the Paul, Hastings firm. After reducing the reimbursable rate to under $100 per hour, the arbitrator found the reasonable and necessary defense fees and costs were $568,696. Truck and Continental were ordered to share the defense costs equally.

FICAL and Bancorp filed a petition to confirm the arbitration award. Continental did not oppose the petition and thereafter satisfied its portion of the order. Truck requested the award be corrected or vacated (Code Civ. Proc., §§ 1286.6, 1286.2) to the extent the arbitrator exceeded its jurisdiction in deciding under Civil Code section 2860 that Truck had a primary duty to defend FICAL and Bancorp. Because correction or vacation of the award would require a ruling contradicting another superior court, Judge Janavs confirmed the arbitration award and invited appellate review.

DISCUSSION

I.  *The Prerequisites for Arbitration Under Civil Code Section 2860 Must Be Determined by the Court.*

■  An order compelling arbitration is a nonappealable order. However, the order may be reviewed on appeal from a judgment confirming the arbitration award. (*Graham* v. *Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 811, fn. 1 [171 Cal.Rptr. 604, 623 P.2d 165].) In this case the trial court ruled the arbitrator could determine the preliminary issue whether the necessary prerequisites for an arbitration under Civil Code section 2860 were met. Thus,

the trial court in effect interpreted the scope of subdivision (c) of that section to include arbitration of the foundational questions whether *Cumis* counsel was warranted in the first instance. We review the trial court's statutory interpretation of Civil Code section 2860 de novo. (*Mayflower Ins. Co.* v. *Pellegrino* (1989) 212 Cal.App.3d 1326, 1331 [261 Cal.Rptr. 224].)

In 1987 the Legislature enacted section 2860 of the Civil Code which had the primary effect of codifying the decision in *San Diego Federal Credit Union* v. *Cumis Insurance Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913]. The *Cumis* decision held that in the absence of consent by the insured, whenever there are differing interests between the insurance company and the insured brought about by a reservation of rights based upon possible noncoverage of the insurance policy, the insurer must pay the reasonable fees for hiring independent counsel selected by the insured and the control of the litigation must be in the hands of the insured. (*Id.* at p. 375.)

Subdivision (c) of Civil Code section 2860 is the provision which provides for final and binding arbitration of any fee dispute between *Cumis* counsel and insurer. That subdivision provides in pertinent part: "The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute."

■ However, the provision for arbitration of fee disputes is only applicable to resolve disputes concerning *Cumis* counsel, i.e., to resolve fee disputes after there has been a previous determination independent counsel was required based on an insurer's duty to defend and a determination of a potential conflict of interest between the insurer and insured. These prerequisites for application of Civil Code section 2860 are found in subdivision (a) which provides: "*If* the provisions of a policy of insurance impose a *duty to defend* upon an insurer and a *conflict of interest arises* which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured. . . ." (Italics added.)

Thus, in the absence of determinations of both a duty to defend and a conflict of interest, section 2860 of the Civil Code is inapplicable.

The issue presented in this case is whether a trial court can properly authorize an arbitrator in an arbitration ordered pursuant to Civil Code section 2860 to decide the foundational issues of whether the insurer had a duty to defend and whether a conflict of interest existed between the insurer and insured requiring appointment of independent counsel to represent the insured. We hold these preliminary matters, if contested, may not be decided in an arbitration ordered pursuant to Civil Code section 2860 but must be resolved by the trial court in the first instance.

The first reported decision interpreting this section is *United States Fidelity & Guaranty Co.* v. *Superior Court (May)* (1988) 204 Cal.App.3d 1513 [252 Cal.Rptr. 320]. In that case the insurance company brought an action for declaratory relief and an accounting alleging independent counsel for its insured was incompetent because the law firm's billing and spending practices were grossly excessive. The insurance company urged the Court of Appeal to find the *Cumis* decision erroneously decided. The court declined the suggestion, reasoning that "The Legislature's enactment of Civil Code section 2860, implementing *Cumis*, furnishes an extremely weighty reason for concluding the precedent of *Cumis* was correctly followed in this case by the trial court and is to be followed by this court." (*Id.* at p. 1524.)

The court discussed the remedy of binding arbitration available to an insurance company when it believes independent counsel is not representing its insured in a reasonably competent manner. (Civ. Code, § 2860, subd. (c).) It found, however, that "Prompt filing of a declaratory relief action is an appropriate procedure for determining the application of the *Cumis* principles in a given case. Once the obligation of the insurer to provide *Cumis* counsel is placed in issue by such an action, the insurer's duty can often be promptly adduced through summary judgment or full trial of the declaratory relief action with its statutory calendar preference. (See Code Civ. Proc., [§] 1062.3.) Likewise, when the insurer refuses to honor the insured's request for *Cumis* counsel, such a declaratory relief action can be filed by the insured to establish the right to independent counsel." (240 Cal.App.3d at p. 1526.)

The Fourth District recently reiterated its view that when contested, judicial resolution of the foundational issues of an insurer's duty to defend and the existence of a potential conflict of interest between an insurer and its insured are prerequisites to arbitration of any subsequent "fee dispute" with independent counsel under Civil Code section 2860.

In *Truck Insurance Exchange* v. *Dynamic Concepts, Inc.* (1992) 9 Cal.App.4th 1147 [11 Cal.Rptr.2d 873], Dynamic tendered defense of a federal lawsuit to Truck. Truck accepted the defense under a reservation of

rights and selected a law firm to defend Dynamic. Dynamic rejected the law firm chosen by Truck and hired its own counsel and demanded Truck pay their fees. Truck refused claiming there was no *Cumis* situation as no conflict of interest had been established. Dynamic filed a complaint alleging bad faith insurance practices and for declaratory relief. Truck filed a petition under Civil Code section 2860 to compel arbitration of what it viewed as a fee dispute. The trial court denied the petition and the Court of Appeal affirmed finding arbitration inapplicable for disputes concerning whether independent counsel is warranted in the first instance.

"Civil Code section 2860, the *Cumis* statute, deals with various aspects of an insured's selection of independent counsel where a conflict of interest has arisen between an insurer and its insured concerning the duty of the former to defend and indemnify the latter in litigation prosecuted by third parties. Where insurer and insured unconditionally agree independent counsel is warranted and where independent counsel is actually retained, subdivision (c) provides a simple remedy for resolving disputes concerning the fees to be paid to that individual or firm: arbitration.

"But nowhere in that subdivision—or anywhere else in the statute, for that matter—is there the suggestion that a dispute between insurer and insured concerning the duty to provide independent counsel in the first instance is to be resolved in the same manner. While arbitration is currently viewed as an efficient and favored method of dispute resolution, without a statutory mandate or contractual provision requiring its use, a litigant cannot be deprived of its day in court." (9 Cal.App.4th at pp. 1150-1151; see also *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341] [arbitrator could not decide foundational issue whether statute of limitations for requesting arbitration had run and therefore whether arbitration was appropriate at all]; *American Builder's Assn.* v. *Au-Yang* (1990) 226 Cal.App.3d 170 [276 Cal.Rptr. 262] [arbitrator without power to decide whether nonsignatory to arbitration agreement could be properly be bound by arbitration].)

We agree with our colleagues in the Fourth District, that in the absence of a stipulation or unconditional agreement between the insurer and insured, unless and until there has been a judicial determination of an insurer's duty to defend and the existence of a conflict of interest, the provisions of Civil Code section 2860 are inapplicable.[1]

In this case Truck contested both FICAL's and Bancorp's right to independent counsel as well as its duty to defend those entities as a primary

---

[1]We are aware of the decision in *Northern Ins. Co. of New York.* v. *Allied Mut. Ins.* (9th Cir. 1992) 955 F.2d 1353 in which the Ninth Circuit ordered two insurers to resolve their dispute concerning apportionment of defense costs into an arbitration pursuant to Civil Code section

insurer. Furthermore, no court determined FICAL's and Bancorp's right to *Cumis* counsel by making an affirmative finding of a conflict of interest and a primary duty to defend. Consequently, it was error to require Truck to submit to arbitration of a "fee dispute" pursuant to Civil Code section 2860 and to have the arbitrator decide those preliminary issues.

FICAL and Bancorp suggest the statutory language requiring binding arbitration of "any" fee dispute is broad enough to encompass issues concerning the apportionment of those fees as between two insurers responsible for paying defense fees and costs. First, the argument ignores the fact Truck denies any responsibility for paying defense costs except as an excess insurer. Also overlooked in this argument is the fact the arbitrator would have to interpret the respective policy provisions to determine whether the coverage they afforded imposed a duty to pay ongoing defense costs, and, if so, which entities were covered by which policies in order to apportion fees and costs between the insurers in this case. The effect of such a determination, of course, is a determination of the insurers' actual duties of defense. As stated, this issue is not properly submitted to an arbitrator for resolution but must be conclusively established in a judicial proceeding, if necessary, before any subsequent fee dispute may properly be referred to arbitration under Civil Code section 2860.[2]

As an alternative to vacation of the entire award, Truck suggests we vacate only that portion of the award which purports to apportion defense costs between the insurers.[3] Truck requests we affirm that portion of the award which determines the reasonable cost of Paul, Hastings's defense efforts was $568,696 and not the $1,168,000 the firm requested. However,

2860, subdivision (c). However, that court reached its conclusion without benefit of an analysis of the decisions interpreting that section. Consequently, we do not find the *Northern Insurance* decision persuasive authority to uphold the arbitrator's award in this case. Moreover, we are not constrained to follow decisions from other jurisdictions interpreting California law when they are contrary to California courts' interpretations of the same provision. (See, e.g., *Chambers* v. *Mumford* (1921) 187 Cal. 228, 232 [201 P. 588, 42 A.L.R. 342]; *City of Oakland* v. *Buteau* (1919) 180 Cal. 83, 89-90 [179 P. 170].)

[2]The recent Supreme Court decision in *Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899], concerning review of arbitration awards based on private arbitration agreements is inapplicable in this case involving judicially compelled arbitration where the trial court's submission of arbitrable issues to the arbitrator was erroneous as a matter of law.

[3]At oral argument, counsel for Truck suggested that portion of the award determining Paul, Hastings's reasonable and necessary defense fees and costs should be upheld because all parties at some point either agreed to or acquiesced in FICAL's and Bancorp's proposal to submit those issues to a voluntary arbitration. While an all-encompassing voluntary arbitration under the Arbitration Act was theoretically possible, counsel's argument is undercut by the record in this case which establishes all matters were to be determined in a judicially ordered arbitration pursuant to Civil Code section 2860 and not under the arbitration statutes.

the arbitrator arrived at his award by reference to Civil Code section 2860, subdivision (c)'s requirement fees be limited to "the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions." A trial court may find that statute has no application at all in determining whether and to what extent Truck has an obligation to pay FICAL's and Bancorp's defense costs. In that situation, Truck would not be able to take advantage of Civil Code section 2860's limitation on payment of attorney fees.

On the other hand, a trial court may find the statute does apply to Truck but that its insurance policies covering FICAL and Bancorp provide for "other or different" arrangements for the payment of attorney fees. (Civ. Code, § 2860, subd. (c).) FICAL and Bancorp alleged, and the arbitrator acknowledged, those entities had a contractual right to hire independent counsel even in the absence of a conflict of interest. Thus, the trial court may determine payment of defense costs by Truck is controlled instead by the parties' contractual agreement. We express no view on the merits of these factual issues but merely point them out as further reasons why no portion of the award made pursuant to Civil Code section 2860 may be properly sustained.

These matters should be determined by the trial court in a later proceeding. That court must have a clean slate on which to make its determinations and must not be hampered by preexisting findings which may or may not be erroneous. We consequently decline to vacate only that portion of the award which Truck perceives to be detrimental to it.

We conclude it was error for the trial court to authorize the arbitrator to determine the threshold issues concerning the necessity for *Cumis* counsel and the applicability of Civil Code section 2860. We further conclude this error cannot be corrected without affecting the merits of the controversy. Consequently, we vacate the arbitrator's award in its entirety. (Code Civ. Proc., § 1286.2, subd. (d).)

II. *Continental Is Not Unaffected by This Appeal and May Not Be Properly Dismissed.*

■ Continental requests this court to dismiss it as a respondent in the action claiming its rights and liabilities would remain the same regardless of the outcome of this appeal. It has satisfied the judgment based on the arbitrator's award and has obtained a full satisfaction of that judgment from FICAL and Bancorp.

We note, however, many of the arbitrator's findings concerning Continental's rights and liabilities were in turn based on his determinations regarding

the Truck policies' scope of coverage and duty to defend. For example, in fashioning his award, the arbitrator specifically rejected Truck's argument Continental was responsible for providing a defense for FICAL and Bancorp on a theory those entities were covered under Continental's policy in their capacity as "property managers" of the Tower. The arbitrator also found only Truck had responsibility for providing a defense and liability coverage for Bancorp, and Continental did not. Based on those findings and others, the arbitrator apportioned the defense costs equally between Continental and Truck.

Thus, it would appear the arbitrator's determination of Continental's rights and liabilities was closely intertwined with his findings regarding Truck's coverage and defense obligations. For that reason, we cannot say Continental is not affected by our conclusion those matters were improperly decided in the arbitration proceeding. (*Gonzales* v. *R.J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 805-806 [144 Cal.Rptr. 408, 575 P.2d 1190]; *American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 217 [246 P.2d 935].) These foundational matters of the insurers' scope of coverage and their respective duties to defend must be redetermined in the proper forum. This conclusion necessarily affects Continental in the event the court reaches a different determination of its rights and liabilities. Consequently, we deny its motion to dismiss it as a party respondent in this appeal.

### DISPOSITION

The judgment is reversed with directions to the trial court to vacate the arbitration award. (Code Civ. Proc., § 1286.2, subd. (d).) All parties to bear their own costs of appeal.

Lillie, P. J., and Woods (Fred), J., concurred.