[No. B194066. Second Dist., Div. Eight. Apr. 23, 2008.]

RAUDEL RODRIGUEZ, Plaintiff and Respondent, v.
BLUE CROSS OF CALIFORNIA et al., Defendants and Appellants.

## COUNSEL

Hogan & Hartson, Richard L. Stone, Gary L. Urwin, Shaila Djurovich; Morgan, Lewis & Bockius, Richard S. Odom, Thomas M. Peterson and Molly Moriarty Lane for Defendants and Appellants.

Gianelli & Morris, Robert S. Gianelli; Esner, Chang & Ellis, Andrew N. Chang and Stuart B. Esner for Plaintiff and Respondent.

## OPINION

**COOPER, P. J.**—Health and Safety Code section 1363.1 governs required disclosures in health care service plans when binding arbitration is included as a contract term.[1] The purpose of section 1363.1 "is to protect health care consumers from the consequences of unknowingly waiving their right to a

---

[1] Undesignated statutory citations are to the Health and Safety Code.

jury trial." (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 71 [16 Cal.Rptr.3d 687] (*Malek*).) The trial court denied Blue Cross of California and BC Life & Health Insurance Company's petition to compel arbitration, finding that the disclosure in the individual enrollment application signed by plaintiff and respondent, Raudel Rodriguez, failed to comply with the requirements of section 1363.1. We affirm the order denying the petition to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Parties and Their Agreement*

Plaintiff and respondent is Raudel Rodriguez, a Spanish speaker, who purchased Blue Cross health insurance. Defendants and appellants are Blue Cross of California and BC Life & Health Insurance Company (collectively, Blue Cross).

Blue Cross's individual enrollment application signed by Rodriguez contains the following provision, which is the last provision in the agreement and located at the end of the right-hand column:

*"Requirement for Binding Arbitration*

"If you are applying for coverage, please note that Blue Cross requires binding arbitration to settle all disputes against Blue Cross, including claims of medical malpractice. California Health and Safety Code section 1363.1 and Insurance Code section 10123.19 require specified disclosures in this regard, including the following notice: **'It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.'** Both parties also agree to give up any right to pursue on a class basis any claim or controversy against the other.' "

In addition, the following statement was located immediately above the signature line: **"NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL"**

## 2. *Complaint*

In his first amended complaint, on behalf of himself and others similarly situated, Raudel Rodriguez filed a class action lawsuit against Blue Cross for violation of the unfair competition law, declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.). The trial court sustained appellants' demurrer to the cause of action based on the Consumers Legal Remedies Act.

Raudel Rodriguez (also referred to as Rodriguez), alleged that he and his wife Maria Rodriguez (also referred to as Maria), responded to a Blue Cross advertisement on Spanish-language television. Maria called the number and spoke in Spanish to the Blue Cross employee. Blue Cross sent Maria completed applications in English, which she caused to be signed and returned to Blue Cross.

Rodriguez further alleged, in September 2005, he was hospitalized and incurred in excess of $100,000 in medical bills. On December 21, 2005, Blue Cross rescinded Rodriguez's coverage stating that he omitted material facts from the application. Rodriguez alleged that Blue Cross had a practice of speaking in Spanish to Spanish-speaking potential purchasers but then sending applications in English. He also alleged that Blue Cross rescinded agreements based on unintentional misstatements.

## 3. *Petition to Compel Arbitration*

Blue Cross petitioned to compel arbitration. It argued that arbitration was enforceable under the Federal Arbitration Act and under California law.[2] Rodriguez countered that the arbitration provision is unenforceable because it fails to comply with section 1363.1. The court denied the petition for arbitration. It found that the language in the arbitration agreement was not prominently displayed; the provision was limited to issues of medical malpractice; and the language above the signature line was limited to medical malpractice disputes. Because this case did not involve medical malpractice, the arbitration provision was unenforceable.

Blue Cross appealed from the order denying the petition to compel arbitration, which is an appealable order under Code of Civil Procedure section 1294, subdivision (a).

---

[2] On appeal, Blue Cross no longer invokes the Federal Arbitration Act. (See *Imbler v. PacifiCare of Cal., Inc.* (2002) 103 Cal.App.4th 567, 577 [126 Cal.Rptr.2d 715] (*Imbler*) [Federal Arbitration Act does not prevent operation of § 1363.1].)

## DISCUSSION

Section 1363.1 establishes mandatory disclosure requirements for health services plans that require binding arbitration. (*Medeiros v. Superior Court* (2007) 146 Cal.App.4th 1008, 1015 [53 Cal.Rptr.3d 307] (*Medeiros*); *Malek, supra,* 121 Cal.App.4th at p. 64.) We review de novo the trial court's denial of the petition to compel arbitration based on the failure to comply with the requirements of section 1363.1. (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 [34 Cal.Rptr.3d 547] (*Robertson*).)

Because the statutory language is the linchpin to this appeal, we quote section 1363.1 in its entirety: "Any health care service plan that includes terms that require binding arbitration to settle disputes and that restrict, or provide for a waiver of, the right to a jury trial shall include, in clear and understandable language, a disclosure that meets all of the following conditions:

"(a) The disclosure shall clearly state whether the plan uses binding arbitration to settle disputes, including specifically whether the plan uses binding arbitration to settle claims of medical malpractice.

"(b) The disclosure shall appear as a separate article in the agreement issued to the employer group or individual subscriber and shall be prominently displayed on the enrollment form signed by each subscriber or enrollee.

"(c) The disclosure shall clearly state whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both, and shall be substantially expressed in the wording provided in subdivision (a) of Section 1295 of the Code of Civil Procedure.

"(d) In any contract or enrollment agreement for a health care service plan, the disclosure required by this section shall be displayed immediately before the signature line provided for the representative of the group contracting with a health care service plan and immediately before the signature line provided for the individual enrolling in the health care service plan."

I. *Case Law*

Several courts have applied section 1363.1, and each found the disclosure at issue deficient. In *Imbler, supra,* 103 Cal.App.4th 567, the court considered the meaning of the term "prominently displayed" as used in section

1363.1, subdivision (b). " 'Prominent' is defined as 'standing out or projecting beyond a surface or line,' or 'readily noticeable.' " (*Imbler*, at p. 579.) The provision in *Imbler* was not prominently displayed because it was in between other provisions, was not emphasized, and therefore was not readily noticeable.[3] (103 Cal.App.4th at p. 579.)

■ Next, in *Malek, supra*, 121 Cal.App.4th 44, Blue Cross conceded that the enrollment form did not meet the requirement that the disclosure be displayed immediately before the signature line, and the court also concluded that the provision did not meet the prominence requirement. (*Id.* at p. 61.) "The arbitration provision is in the same type size and font as provisions authorizing deductions and release of medical information. While the arbitration provision constitutes a separate numbered paragraph, it does not stand out and was not readily noticeable from these other provisions."[4] (121 Cal.App.4th at p. 61.) The *Malek* court further held that "[a] violation of section 1363.1 renders a contractually binding arbitration provision in a health service plan enrollment form unenforceable." (*Id.* at p. 50; see also *id.* at p. 62 ["an arbitration provision in a health care service plan is unenforceable if it does not meet the mandatory disclosure requirements of section 1363.1"].) *Malek* also made clear that the purpose of section 1363.1 "is to protect health care consumers from the consequences of unknowingly waiving their right to a jury trial." (*Malek*, at p. 71.)

Similarly in *Robertson, supra*, 132 Cal.App.4th 1419, the court found that the arbitration provision was not prominently displayed or placed immediately before the signature line.[5] (132 Cal.App.4th at pp. 1427, 1429.) The reference to the arbitration agreement just above the signature line was

---

[3] The portion concerning arbitration provided: " 'I understand that any dispute or controversy which may arise under the Agreement between myself (and/or any enrolled family member) and Health Maintenance Network of Southern California or any Participating Medical Office must be submitted to Binding Arbitration in lieu of a jury or court trial.' " (*Imbler, supra*, 103 Cal.App.4th at p. 578.)

[4] The arbitration provision, which was located in the left hand column, provided: " 'I understand any dispute between myself (and/or any enrolled family member) and Blue Cross of California/California Care Health Plans/WellPoint Life must be resolved by binding arbitration, if the amount in dispute exceeds the jurisdictional limit of the Small Claims Court, and not by law suit or resort to court process, except as California law provides for judicial review of arbitration proceedings. Under this coverage, both the member and Blue Cross of California/California Care Health Plans/WellPoint Life are giving up the right to have any dispute decided in a court of law before a jury.' " (*Malek, supra*, at p. 51, fn. 2.)

[5] The arbitration provision at issue in that case provided: " 'I understand that any dispute or controversy, except medical malpractice, that may arise regarding the performance, interpretation or breach of the agreement between myself (and / or any enrolled family member) and Health Net, Heath Net Life Insurance Company or any participating Medical Group / Independent Physicians Association, whether arising in contract, tort, or otherwise, must be submitted to arbitration in lieu of a jury or court trial.' " (*Robertson, supra*, 132 Cal.App.4th at

insufficient to satisfy the requirement that the disclosure be placed immediately before the signature line. The disclosure was printed in the same typeface as that used in the remainder of the form. (*Id.* at p. 1428.) Therefore, it did not stand out from the remainder of the text and was not prominent as required by the statute. (*Id.* at p. 1429.) The court also rejected the doctrine of substantial compliance because Health Net had not actually complied with the essential purpose of the statute. (*Id.* at p. 1431.)

In *Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153 [53 Cal.Rptr.3d 69] (*Zembsch*), the following provision was contained in the agreement just above the signature line: " 'I understand that any dispute or controversy, except medical malpractice, that may arise regarding the performance, interpretation or breach of the agreement between myself (and/or any enrolled family member) and Health Net, Health Net Life Insurance Company or any Participating Physician Group/Independent Physicians Association, whether arising in contract, tort or otherwise, must be submitted to arbitration in lieu of a jury or court trial. Please sign and date this application below. Your signature indicates that you have completed all requested information as accurately as possible and understand all agreements implied including your agreement to submit disputes to binding arbitration.' " (*Id.* at p. 158.) Relying on *Imbler*, *Malek*, and *Robertson*, the court found the provision that was in the same typeface as the majority of the form was not prominently displayed and also rejected Health Net's argument that it substantially complied with section 1363.1. (*Zembsch*, at pp. 165–167.)

■ Similarly, in *Burks v. Kaiser Foundation Health Plan, Inc.* (2008) 160 Cal.App.4th 1021 [40 Cal.Rptr.3d 257], the court concluded that Kaiser's enrollment form did not comply with the requirements of section 1363.1. "[T]he arbitration disclosure was not 'prominently displayed' on the enrollment form because there was nothing that made the disclosure stand out from the remainder of the form, such that it could be reasonably expected to command the notice of a person filling out the form." (*Burks*, at p. 1024.) The typeface was the same or smaller than the rest of the text and was not emphasized in any manner. (*Ibid.*) The court rejected the argument that placement immediately above the signature line was sufficient to show prominence. (*Id.* at p. 1028.) The court also rejected Kaiser's substantial compliance argument: "a health plan's failure to prominently display the arbitration disclosure on its enrollment form can never be deemed a mere

p. 1423, fn. 3.) The provision was under a bolded subheading entitled "Arbitration Agreement," which was within a section entitled "ACCEPTANCE OF COVERAGE." Three paragraphs followed the arbitration agreement. (*Id.* at p. 1423.) The following provision was immediately above the signature line: " 'Please sign and date this application below. Your signature indicates that you have completed all requested information as accurately as possible and that you have read the Plan information and understand all agreements, including your agreement to submit disputes to binding arbitration.' " (*Id.* at p. 1423, fn. 4.)

technical imperfection of form. The 'essential purpose' of section 1363.1 is to ensure 'the knowing waiver of the jury trial right' by the health plan enrollee." (*Id.* at p. 1029.)

## II. *Blue Cross's Disclosure in Its Enrollment Form*

Blue Cross argues that its disclosure complies with the requirements of section 1363.1 and is distinguishable from the preceding cases because it is set off in a separate paragraph, the title is emphasized, a majority of the text is bolded, the most important notices are written in bold with uppercase lettering, and it is the last disclosure on the page with no intervening language before the signature.

This description is generally accurate, but Blue Cross's argument applies only to portions of the disclosure dealing with the arbitration of medical malpractice disputes; it is therefore inapplicable to this case. Specifically, the portion in bold concerns "any dispute as to medical malpractice" and the language immediately above the signature line in capital letters refers only to "any issue of medical malpractice" and tracks Code of Civil Procedure section 1295, which applies to arbitration of medical malpractice disputes. The plain language of the portions of the disclosure relied upon by Blue Cross to distinguish its disclosure from those in prior cases limits arbitration to disputes of lawsuits for medical malpractice. Blue Cross's argument does not apply to the present case, which does not involve medical malpractice.

There is one sentence in the disclosure that is more expansive and, in contrast to the others, does not expressly limit arbitration to medical malpractice lawsuits. The first sentence of the disclosure provides: "[P]lease note that Blue Cross requires binding arbitration to settle all disputes against Blue Cross, including claims of medical malpractice." However, when that sentence is considered in isolation, it fails to comply with the requirements of subdivisions (b) and (d) of section 1363.1, as the trial court concluded. The sentence, which is in plain text, is not " 'prominently displayed' " because it is not readily noticeable. (*Imbler, supra,* 103 Cal.App.4th at p. 579.) Indeed, when the emphasis of the other sentences is considered, the first sentence recedes from the forefront because it is in plain text. It also is not immediately above the signature line.

Separating the first sentence from the remainder of the disclosure assists in discussing the only sentence that applies to "all disputes," and demonstrates the deficiency with Blue Cross's argument that the important language was emphasized. However, such separation is somewhat artificial where section 1363.1 refers to the disclosure as a whole.

■   Once the entire disclosure is considered, a further deficiency is revealed. Section 1363.1, subdivision (c), requires the disclosure "*clearly*

*state* whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both . . . ." (Italics added.) Significantly absent from the disclosure is any indication that the subscriber is waiving his or her right to a jury trial for the "delivery of service under the plan" other than malpractice. While Blue Cross argues the disclosure applies to all disputes, the majority of the disclosure is limited to disputes involving medical malpractice. The discrepancy between the first sentence, which is expansive, and the remainder of the disclosure, which is limited to medical malpractice, creates confusion. The confusion regarding the extent of the jury trial waiver violates section 1363.1, subdivision (c), which requires a clear statement of the extent of the waiver.[6]

Blue Cross's argument that "[t]he majority of the *text* of the disclosure here is bolded, including the language specifically mandated by Section 1363.1(c)" is in part correct, but is incorrect in an important respect. The requirement that Blue Cross substantially track the language in Code of Civil Procedure section 1295 was followed.[7] But the requirement that the "disclosure shall clearly state whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both" was ignored. (§ 1363.1, subd. (c).) We agree with respondent that the emphasis on the arbitration of disputes involving medical malpractice "serves to de-emphasize, rather than make prominent, the general reference to arbitration of 'all disputes against Blue Cross.' "

---

[6] Rodriguez raised the violation of section 1363.1, subdivision (c) in the trial court, but the trial court did not expressly rely on section 1363.1, subdivision (c). Our review, however, is de novo and the trial court's order must be affirmed if it is right upon any theory. (*Mayflower Ins. Co. v. Pellegrino* (1989) 212 Cal.App.3d 1326, 1332 [261 Cal.Rptr. 224].)

[7] Code of Civil Procedure section 1295, subdivision (a), provides: "Any contract for medical services which contains a provision for arbitration of any dispute as to professional negligence of a health care provider shall have such provision as the first article of the contract and shall be expressed in the following language: 'It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.' "

Code of Civil Procedure section 1295, subdivision (b), provides: "Immediately before the signature line provided for the individual contracting for the medical services must appear the following in at least 10-point bold red type:

" 'NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.' "

■ Even assuming that the substantial compliance doctrine is applicable in the context of section 1363.1, it is not met in this case with respect to a lawsuit involving a dispute other than medical malpractice.[8] " ' " 'Substantial compliance, as the phrase is used in the decisions, means *actual* compliance in respect to the substance essential to every reasonable objective of the statute.' [Citation.] Where there is compliance as to all matters of substance technical deviations are not to be given the stature of noncompliance. [Citation.] Substance prevails over form." ' " (*Malek, supra,* 121 Cal.App.4th at p. 72.)

■ The express language in the disclosure limiting arbitration to disputes involving malpractice renders it impossible to conclude that Rodriguez knowingly waived his right to a jury trial or court trial with respect to disputes other than medical malpractice. The majority of the disclosure and all of the emphasized language limits arbitration to disputes of medical malpractice claims. Even though the first sentence supports Blue Cross's contrary interpretation, it conflicts with the remainder of the disclosure and renders unclear the extent of Rodriguez's waiver. The confusion as to the extent of Rodriguez's waiver undermines the fundamental purpose of the statute—to ensure a knowing waiver of the right to a jury trial. (*Malek, supra,* 121 Cal.App.4th at p. 73.) Because of noncompliance with section 1363.1, the arbitration provision in this case is unenforceable.[9] (See *Zembsch, supra,* 146 Cal.App.4th at pp. 156, 168 [noncompliance with the statute renders an arbitration agreement unenforceable].)

## III. *Blue Cross's Disclosure in Its Agreement*

■ Blue Cross argues that, in applying section 1363.1, the court should consider not only the enrollment application but also its combined evidence of coverage and disclosure form (Agreement).[10] We disagree based on the plain language of section 1363.1. "[O]ur primary task in construing a statute is to determine the Legislature's intent. [Citation.] 'The court turns first to the

---

[8] We need not decide whether the doctrine of substantial compliance is applicable, a question not foreclosed by *Malek, supra,* 121 Cal.App.4th at pages 50–51, but limited by the focus on the mandatory language of the statute. (See *Robertson, supra,* 132 Cal.App.4th at p. 1430.) The disclosures required by section 1363.1 "*must be* included in a health care service plan to safeguard against patients unknowingly waiving their constitutional right to a jury trial." (*Malek,* at p. 64.) "The very purpose of the disclosure requirement of section 1363.1 is to ensure that *the parties agree* to be bound to contractual arbitration." (*Id.* at p. 69; see also *Medeiros, supra,* 146 Cal.App.4th at p. 1015 [strict compliance with § 1363.1 is required].)

[9] Because we conclude the arbitration provision is unenforceable, we need not consider whether it is unconscionable as Rodriguez argues.

[10] The provision in the Agreement provides in part:
"**BINDING ARBITRATION**
"Any dispute or claim, of whatever nature, arising out of, in connection with, or in relation to, this Agreement, or breach or rescission thereof, or in relation to care or delivery of care,

words themselves for the answer.' [Citations.]" (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406]; see also *People v. Johnson* (2006) 38 Cal.4th 717, 723–724 [42 Cal.Rptr.3d 887, 133 P.3d 1044] [" ' "The plain language of the statute establishes what was intended by the Legislature." ' "].)

■ Section 1363.1, subdivision (b), provides: "The disclosure shall appear as a separate article in the agreement issued to the employer group or individual subscriber *and shall be prominently displayed on the enrollment form signed by each subscriber or enrollee.*" (Italics added.) To comply with section 1363.1, subdivision (b), the disclosure provision must be contained both in the agreement and in the enrollment form. The word "and" requires a conjunctive construction of the two requirements. (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 861 [80 Cal.Rptr.2d 803, 968 P.2d 514].) Placement of the provision in one does not excuse its inclusion in the other.

As Blue Cross points out, section 1363, subdivision (a)(10), requires only "[i]f the plan utilizes arbitration to settle disputes, a statement of that fact." However, the issue here is not compliance with section 1363, subdivision (a)(10), but instead compliance with section 1363.1. Because the provision in the enrollment form did not comply or substantially comply with section 1363.1, the arbitration provision is invalid. The trial court correctly denied Blue Cross's petition to compel arbitration.

---

including any claim based on contract, tort or statute, must be resolved by arbitration if the amount sought exceeds the jurisdictional limit of the small claims court . . . .

"The Federal Arbitration Act shall govern the interpretation and enforcement of all proceedings under this BINDING ARBITRATION provision. To the extent that the Federal Arbitration Act is inapplicable, or is held not to require arbitration of a particular claim, state law governing agreements to arbitrate shall apply.

"The Member and Blue Cross agree to be bound by the arbitration provision and acknowledge that they are giving up their right to trial by court or jury.

"California Health & Safety Code section 1363.1 requires that any arbitration agreement include the following notice: 'It is understood that any dispute as to medical malpractice, that is whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.' "

## DISPOSITION

The order denying Blue Cross's petition to compel arbitration is affirmed. Respondent is entitled to costs on appeal.

Rubin, J., and Flier, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 9, 2008, S164036. George, C. J., did not participate therein.