Opinion
 

 EPSTEIN, J.
 

 The issue in this appeal is whether the trial court erred in denying a petition to compel arbitration. The underlying dispute concerned the legality of a health insurance policy provision imposing an additional $2,000 deductible for maternity benefits. The insureds argue that the provision constitutes illegal discrimination against women in violation of state and federal law. The insurer contends that the alleged illegality goes only to a portion of the contract. As a result, it argues, the entire dispute, including the issue of illegality, must be arbitrated. The insurer also argues that the arbitration clause was broad enough to encompass a claim for gender discrimination. We agree with these contentions and reverse.
 

 Factual and Procedural Summary
 

 Blue Cross of California (Blue Cross) issued a comprehensive health insurance policy to Audrey K. and John Wolitarsky in July 1991. The policy excluded coverage for normal pregnancy and delivery. In November 1991, Blue Cross issued a revised policy which included benefits for “normal deliveries,” subject to a maternity deductible of $2,000 in addition to the standard deductible.
 

 In January 1993, Blue Cross was licensed by the Commissioner of Corporations as a health care service plan pursuant to the Knox-Keene Health Care Service Plan Act of 1975 (Health & Saf. Code, § 1340 et seq.). In connection with this change, Blue Cross issued the Wolitarskys a health care service plan, effective on February 5, 1993. The same day, Audrey Wolitarsky gave birth.
 

 The plan provided: “Conformity with Law: Any provision of this Agreement which, on its effective date, is in conflict with any applicable statute, regulation or other law is hereby amended to conform with the minimum requirements of such law.” On July 1, 1993, Blue Cross revised the plan with respect to pregnancies existing on the effective date of the policy, to add an additional $750 benefit for prenatal care.
 

 Each of the insurance policies issued by Blue Cross to the Wolitarskys contained a provision for binding arbitration: “Any dispute between the Member and Blue Cross regarding the decision of Blue Cross must be
 
 *343
 
 submitted to binding arbitration if the amount in dispute exceeds the jurisdictional limits of the small claims court.”
 

 Following the birth of their son, the Wolitarskys claimed additional pregnancy and well baby care benefits from Blue Cross. The parties entered into negotiations, but a settlement was not achieved.
 

 The Wolitarskys filed an action against Blue Cross, Califomiacare Health Plans, and Wellpoint Health Network, Inc. The suit alleged fraud, breach of the covenant of good faith and fair dealing, and sought a declaration that Blue Cross discriminated against Audrey Wolitarsky on the basis of sex, in violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) and other statutes. The defendants filed a petition to compel arbitration and stay judicial proceedings pursuant to Code of Civil Procedure section 1281. The trial court denied the petition on the ground that the arbitration clause “does not cover the various causes of action that are alleged by the plaintiff. . . .” Blue Cross appeals from that ruling.
 
 [1]
 

 Discussion
 

 I
 

 Illegality
 

 The issue is whether the trial court erred in denying Blue Cross’s petition to compel arbitration. The Wolitarskys argue that the dispute may not be arbitrated because the insurance policy discriminates against women by imposing an additional $2,000 deductible for maternity care. They contend that this provision of the policy violates the Unruh Civil Rights Act (Civ. Code, § 51 et seq.), the Federal Pregnancy Discrimination Act (42 U.S.C. § 2000e et seq.), the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), the Cartwright Act (Bus. & Prof. Code, § 16721.5), and Health and Safety Code section 1365.5.
 
 [2]
 
 Blue Cross responds that the alleged illegality of a single contractual provision does not prohibit arbitration of the dispute. We agree.
 

 
 *344
 
 The Supreme Court addressed this issue in
 
 Moncharsh
 
 v.
 
 Heity & Blase
 
 (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899]. The case involved a fee dispute between an attorney and his former firm. The attorney claimed that a fee-splitting agreement the firm sought to enforce was illegal, and raised that claim in a contractual arbitration. The Supreme Court held: “[W]hen ... the alleged illegality goes to only a portion of the contract (that does not include the arbitration agreement), the entire controversy, including the issue of illegality, remains arbitrable. [Citations.]”
 
 (Id.
 
 at p. 30.) In
 
 Moncharsh,
 
 the attorney did not claim that the alleged illegality constituted grounds to revoke the entire employment contract and did not contend that the illegality voided the arbitration clause. The Supreme Court concluded that the legality of the fee-splitting provision was a question for the arbitrator in the first instance.
 
 (Ibid.)
 

 The Wolitarskys do not ask us to declare the insurance policy void. Nor do they claim that the arbitration clause, or the entire contract, is illegal. Instead, they urge us to rule that “ ‘grounds exist for the Wolitarskys to revoke the contract’ ” based on the allegedly discriminatory maternity deductible. It is established that “partially illegal contracts may be upheld if the illegal portion is severable from the part which is legal.”
 
 (Mailand
 
 v.
 
 Burckle
 
 (1978) 20 Cal.3d 367, 384 [143 Cal.Rptr. 1, 572 P.2d 1142]; see also 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 431, pp. 387-388.)
 

 The additional $2,000 deductible for maternity benefits is severable from the rest of the insurance policy. The alleged illegality of that provision is not a basis for revocation of the entire policy. Under
 
 Moncharsh,
 
 the dispute must be arbitrated, and it is for the arbitrator to determine whether the deductible is illegal.
 

 The Wolitarskys cite
 
 Homestead Supplies, Inc.
 
 v.
 
 Executive Life Ins. Co.
 
 (1978) 81 Cal.App.3d 978 [147 Cal.Rptr. 22] for their position that the entire policy is revocable and therefore should not be arbitrated, because of the alleged illegality of the maternity deductible. In
 
 Homestead,
 
 the court ruled that the enforceability of an illegal contract “depends on the facts and circumstances of the particular case including the kind and degree of illegality involved, the public policy or policies to be served, whether those public policies will best be served by enforcing the agreement or denying enforcement and the relative culpability and equities of the parties.”
 
 (Id.
 
 at p. 989.) But this rule applies to contracts which are not severable and are entirely illegal. In
 
 Homestead,
 
 the court assumed for purposes of the decision that the entire contract modification agreement at issue was illegal because it violated statutory provisions.
 
 (Id.
 
 at p. 987.) The Wolitarskys have cited no case
 
 *345
 
 in which the test set out in
 
 Homestead
 
 was applied to a contract in which the provision claimed to be illegal was severable, as it is in this case.
 

 The Wolitarskys assert that their claim is not arbitrable because the maternity deductible violates the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.), rendering the contract void. In
 
 Crown Homes, Inc.
 
 v.
 
 Landes
 
 (1994) 22 Cal.App.4th 1273 [27 Cal.Rptr.2d 827], the court held that Cartwright Act claims are subject to a contractual arbitration agreement.
 
 (Id.
 
 at p. 1283.)
 

 The Wolitarskys also argue that Blue Cross should be equitably estopped from challenging its contention that grounds exist to rescind the entire contract. They base this argument on the following language in the policy: “If, during the first two years of membership under this agreement, we discover any material facts that you or your eligible family members knew, but did not disclose on your application, we will rescind this agreement.” They cite no authority in support of their argument.
 

 We find no basis for equitable estoppel in the quoted provision. It merely reserves the right of the insurer to rescind coverage if material facts are not disclosed. A party asserting estoppel must establish the following elements: “(1) the party estopped must know the facts; (2) the party estopped must engage in conduct intended to be acted upon by the party asserting estoppel; (3) the party asserting estoppel must be ignorant of the true state of facts; and (4) injury must result from reliance on the other’s conduct. [Citation.] ‘It is the burden of the party asserting estoppel to prove all of its requisite elements, and the doctrine is strictly applied and must be substantiated in every particular.’ [Citation.]”
 
 (Wells Fargo Bank
 
 v.
 
 Bank of America
 
 (1995) 32 Cal.App.4th 424, 437-438 [38 Cal.Rptr.2d 521].) Here there is no showing that the Wolitarskys were ignorant of the true state of facts.
 

 II
 

 Scope of Clause
 

 A.
 
 Unruh Civil Rights Act
 

 The Wolitarskys also argue that the scope of the arbitration clause is not broad enough to encompass violations of the Unruh Civil Rights Act. (Civ. Code, § 51 et seq., hereafter Act) They contend: “The California Legislature has expressly provided in the Unruh Civil Rights Act that aggrieved parties shall not only possess a private right of action for violations, but also that such relief under the Act will be ‘independent of any
 
 *346
 
 remedy
 
 or procedure
 
 available.’ (Civil Code § 52(e))” This language, they claim, means that Audrey Wolitarsky still has a right to sue for declaratory relief under the Act. This is apparently a question of first impression in California.
 

 “Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citations.]”
 
 (DynaMed, Inc.
 
 v.
 
 Fair Employment and Housing Com.
 
 (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)
 

 Civil Code section 52, subdivision (e) provides: “Actions under this section shall be independent of any other remedies or procedures that may be available to an aggrieved party.” The statute does not provide, however, that parties may not agree to submit such claims to arbitration. The Wolitarskys cite no case for the proposition that an Act claim does not come within a broad contractual clause under which the parties agree to submit “any dispute . . . regarding the decision of Blue Cross” to arbitration.
 

 Instead, they devote most of their briefing to whether the maternity deductible constitutes discrimination based on gender. But that is not the issue before us. The question presented is the appropriate forum for resolution of the discrimination claim.
 

 We note that Blue Cross does not rely on section 2 of the Federal Arbitration Act (9 U.S.C. § 2) which makes enforceable a written arbitration provision in a contract evidencing a transaction involving commerce. That statute has been interpreted by the United States Supreme Court to compel arbitration of a claim under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq.).
 
 (Gilmer
 
 v.
 
 Interstate/Johnson Lane
 
 (1991) 500 U.S. 20 [111 S.Ct. 1647, 114 L.Ed.2d 26].) In California, it has been applied to compel arbitration of a claim for racial discrimination under the
 
 *347
 
 California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.).
 
 (Spellman
 
 v.
 
 Securities, Annuities and Ins. Services, Inc.
 
 (1992) 8 Cal.App.4th 452 [10 Cal.Rptr.2d 427].)
 

 The scope of arbitration is a matter of contract between the parties. In determining that claims of fraud in the inducement of the contract must be submitted to arbitration, the California Supreme Court reasoned: “The scope of arbitration is, of course, a matter of agreement between the parties, and if they choose to limit that scope so as to exclude questions of fraud in the inducement of the contract that choice must be respected. In this state, as under federal law [citation], doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. [Citations.] Therefore, in the absence of indication of contrary intent, and where the arbitration clause is reasonably susceptible of such an interpretation, claims of fraud in the inducement of the contract . . . will be deemed subject to arbitration.”
 
 (Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.
 
 v.
 
 100 Oak Street
 
 (1983) 35 Cal.3d 312, 323 [197 Cal.Rptr. 581, 673 P.2d 251].) In
 
 Ericksen,
 
 the arbitration clause provided for arbitration of “ ‘any dispute between the parties hereto with respect to the provisions of this Lease exclusive of those provisions relating to payment of rent.’ ”
 
 (Id.
 
 at p. 324.)
 

 In
 
 Vianna
 
 v.
 
 Doctors’ Management Co.
 
 (1994) 27 Cal.App.4th 1186 [33 Cal.Rptr.2d 188], the Court of Appeal concluded that an arbitration clause providing for arbitration “ ‘of any dispute of any kind whatsoever’ ” covered an employee’s claims for termination in violation of public policy, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and defamation.
 
 (Id.
 
 at pp. 1189-1190.) The court reached this conclusion because in California there is a “ ‘ “strong public policy in favor of arbitration” ’ [citation], ‘. . . arbitration agreements should be liberally interpreted, and arbitration should be ordered unless the agreement clearly does not apply to the dispute in question’ [citation].”
 
 (Id.
 
 at p. 1189.)
 

 The
 
 Vianna
 
 court held that the arbitration clause was comparable to one construed in
 
 Merrick
 
 v.
 
 Writers Guild of America, West, Inc.
 
 (1982) 130 Cal.App.3d 212 [181 Cal.Rptr. 530]. In that case, the issue was whether a contract agreement to arbitrate “ ‘[a]ny dispute . . . concerning the interpretation of any of the terms of [the agreement] and the application and effect of such terms’ ” compelled arbitration of an action sounding in tort instead of contract.
 
 (Id.
 
 at p. 217.) The
 
 Merrick
 
 court concluded that arbitration was required because the action “has its roots in the relationship between the parties which was created by the . . . provisions of their agreement.”
 
 (Id.
 
 at p. 219.) The fact that the action sounded in tort, rather than contract, was not a basis to deny a petition to compel arbitration.
 
 (Id.
 
 at pp. 219-220.)
 

 
 *348
 
 Here the parties agreed to submit all disputes regarding Blue Cross’s decisions to arbitration. The essence of the Act claim is that Blue Cross’s decision to impose the additional maternity deductible constitutes gender discrimination. The claim is based on the agreement between the parties to provide coverage for health care. We conclude that there is nothing in the agreement to exclude the claim based on the Act from the scope of the arbitration agreement. The trial court erred in denying the petition to compel arbitration on this cause of action.
 

 B.
 
 Interpretation of the Clause
 

 The Wolitarskys also argue that the language of the arbitration clause does not clearly encompass their civil rights claims. As we have seen, the clause provides: “Any dispute between the Member and Blue Cross regarding the decision of Blue Cross must be submitted to binding arbitration if the amount in dispute exceeds the jurisdictional limits of the small claims court.” The Wolitarskys assert that the term “decision” is unclear.
 

 We find no uncertainty. The arbitration clause is written with sufficient breadth to encompass Blue Cross’s decision to impose the maternity deductible, and its subsequent actions in applying that policy in this case.
 

 C.
 
 Health and Safety Code section 1363.1
 

 The Wolitarskys argue that arbitration should not be compelled because the policy does not comply with Health and Safety Code section 1363.1 which specifies disclosures which must be made in a binding arbitration clause in a health care service plan. This statute was not enacted until 1994 (Stats. 1994, ch. 653, § 3). It does not apply to this case, because the policies were issued before its enactment.
 

 III
 

 Settlement
 

 The Wolitarskys argue that Blue Cross waived its right to arbitration because of the settlement of their claim. But as we have seen, the settlement negotiations were ultimately unsuccessful and the settlement was never executed. There is no merit to the argument.
 

 IV
 

 Amount in Controversy
 

 Finally, the Wolitarskys argue that their claims are not subject to arbitration because under the contract, disputes under $5,000 are to be resolved in small claims court. They assert that their claim was for only $2,000.
 

 
 *349
 
 In their prayer for relief on the Act claim, the Wolitarskys seek treble damages pursuant to Civil Code section 52. That claim brings the case over the jurisdictional limit of the arbitration clause.
 

 Disposition
 

 The order of the trial court is reversed as to all causes of action. The parties are to bear their own costs on appeal.
 

 Vogel (C. S.), P. J., and Baron, J., concurred.
 

 Respondents’ petition for review by the Supreme Court was denied May 28, 1997.
 

 [1]
 

 Blue Cross moved to strike the Wolitarskys’ appendix, because it consists of a deposition transcript of which only excerpts were considered by the trial court in ruling on the motion to compel. At the hearing, counsel for the Wolitarskys attempted to lodge a copy of the deposition in question. The trial court expressly directed him not to lodge anything with the court, and stated that it had reviewed the pleadings. The motion to strike is granted.
 

 [2]
 

 Health and Safety Code section 1365.5, subdivision (b) provides in relevant part: “The terms of any contract shall not be modified, and the benefits or coverage of any contract shall not be subject to any limitations, exceptions, exclusions, reductions, copayments, coinsurance, deductibles, reservations, or premium, price, or charge differentials, or other modifications because of the ... , sex, ... of any contracting party, ... or person reasonably expected to benefit from that contract as a subscriber, . . . ; except that premium, price, or
 
 *344
 
 charge differentials because of the sex or age of any individual when based on objective, valid, and up-to-date statistical and actuarial data are not prohibited.”