[No. B193042. Second Dist., Div. Seven. Jan. 16, 2007.]

MARY MEDEIROS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HEALTH NET OF CALIFORNIA et al., Real Parties in Interest.

COUNSEL

Shernoff Bidart & Darras, Michael J. Bidart, Ricardo Echeverria; The Ehrlich Law Firm and Jeffrey Isaac Ehrlich for Petitioners.

No appearance for Respondent.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Elise D. Klein for Real Parties In Interest.

OPINION

**JOHNSON, J.**—In this writ proceeding, petitioners Mary and Lee Medeiros (collectively, Medeiros) challenge the trial court's order compelling them to arbitrate a dispute with their health insurer, real party in interest Health Net.[1] Medeiros contends the arbitration provision at issue is unenforceable because

---

[1] We refer to real parties in interest Health Net of California and Health Net, Inc., collectively as Health Net.

it does not comply with the disclosure requirements set forth in Health and Safety Code section 1363.1.[2] Health Net asserts, as a member of a group health plan negotiated between Health Net and Medeiros's employer, Medeiros is not entitled to the protection of these disclosures. Moreover, Health Net argues the requirements of section 1363.1 do not apply to the "benefits election form" Medeiros signed and submitted to his employer in order to enroll in the group health plan. Health Net claims section 1363.1's disclosure obligations would only have been triggered if it had required Medeiros to sign an "enrollment form" in order to enroll in the health plan. We reject Health Net's contention consumers who enroll in a group health plan negotiated between their employer and the insurance company, and consumers who sign their employer's benefits election form instead of an enrollment form provided by the insurance company, are entitled to some lesser form of disclosure concerning arbitration than consumers who individually subscribe to a health insurance plan. We conclude the disclosure requirements of section 1363.1 are applicable to the arbitration provision Health Net seeks to enforce against Medeiros, and the arbitration provision is unenforceable for failure to comply with these requirements. Accordingly, we direct the trial court to vacate its order requiring Medeiros to arbitrate this dispute with Health Net, and to issue an order denying Health Net's motion to compel arbitration.

## FACTS AND PROCEEDINGS BELOW

Apparently Medeiros filed a lawsuit against Health Net for breach of contract and bad faith, among other claims.[3] In response, Health Net filed a motion to compel arbitration and to stay the trial court proceedings pending completion of arbitration. Health Net explained it had entered into a group service agreement with Medeiros's employer, the County of San Bernardino (the County),[4] to provide health insurance services and benefits to the County's employees and their families. In its application for a group service agreement, the County agreed to the following term: "Any dispute or controversy, except medical malpractice, that may arise between the applicant, a member and Health Net regarding the performance, interpretation or breach of the agreement between applicant and Health Net, whether arising in contract, tort or otherwise, must be submitted to arbitration in lieu of a jury or court trial."

Pursuant to the group service agreement, Health Net and the County contemplated employees seeking coverage under the group plan would complete "enrollment forms," which would become part of the agreement

---

[2] Statutory references are to the Health and Safety Code unless otherwise noted.

[3] The complaint is not part of the record before this court.

[4] Both Mary and Lee Medeiros were employed as deputy sheriffs with the County.

between the parties. The agreement between Health Net and the County also states "Health Net will make available to each Subscriber an *Evidence of Coverage* which will set forth a statement of services and benefits to which the Members are entitled and an Identification Card."

In its motion to compel arbitration, Health Net stated it "does not obtain individual applications from County employees who elect to enroll in the Health Net health service plan. Instead, County employees who wish to become Health Net members notify the County which, in turn, sends a copy of the benefits election form to Health Net according to the County's own procedures. Those procedures do not include sending Health Net any application or enrollment form signed by the member."

Health Net attached to its motion a copy of the "County of San Bernardino 2002 Benefits Election Agreement" Lee Medeiros signed on June 24, 2002, indicating he wanted to enroll himself and his family in the Health Net plan (as opposed to Blue Cross or Kaiser Permanente). In the middle of the signature page, the agreement states an employee enrolling in one of the plans will agree to a list of five things, including: "To abide by the rules of binding arbitration as described in the Evidence of Coverage and Disclosure brochures for Health Net and Blue Cross Medical Plans. Claims against these medical plans or their providers are subject to binding arbitration after exhaustion of the medical plans' grievance procedure. Claims against these medical plans for the professional negligence of the medical plans' providers are not subject to this requirement of binding arbitration." Printed under this language is a heading stating, "Kaiser Permanente Arbitration Agreement (Applies to Kaiser participants only),"[5] and the text of that particular arbitration provision. Immediately above Lee Medeiros's signature on the benefits election form agreement is language concerning the required duration of enrollment in the plan.

Health Net also attached to its motion the evidence of coverage (EOC) referenced in the benefits election agreement Lee Medeiros signed. The EOC includes a six-paragraph arbitration clause under a heading entitled "**Binding Arbitration**." Health Net argued Medeiros was required to arbitrate the claims against Health Net pursuant to the arbitration provisions in the benefits election agreement and the EOC.

In opposition to the motion to compel arbitration, Medeiros submitted declarations stating neither Mary nor Lee Medeiros received the EOC until after a Health Net representative agreed to mail the document to Mary in

---

[5] This heading appears to be in bold font, but it is difficult to discern based on the quality of the copy of the benefits election agreement included in the record before this court.

November 2005. In addition, Medeiros argued the arbitration provision in the benefits election agreement Lee Medeiros signed is unenforceable because it does not comply with the mandatory disclosure requirements set forth in section 1363.1 in that the arbitration provision is not prominently displayed and is not located immediately before the signature line as required by the statute.

In its reply brief, Health Net argued section 1363.1's disclosure requirements apply only to the application for group service agreement and the group service agreement with the County, and not the benefits election agreement—a form prepared by the County—which Lee Medeiros signed and submitted to the County. Health Net asserted: "California law [and section 1363.1 in particular] does not require Health Net to obtain an application [or enrollment form] from Plaintiffs. Instead, it requires that if Health Net obtains an application from them that certain disclosures be made. Since Health Net did not obtain an application from Plaintiffs, the requirements governing such applications do not apply here." Health Net further asserted, "Where the HMO does not require individual applications or enrollment forms, there is no vehicle in which to require the disclosures to be made to the individual." Health Net also stated, in any event, the benefits election agreement Lee Medeiros signed provided actual notice of the arbitration provision contained in the EOC.

Apparently, the trial court originally denied Health Net's motion to compel arbitration under Code of Civil Procedure section 1281.2, subdivision (c) on the ground Medeiros also had sued other parties in this lawsuit who were not subject to any arbitration agreement.[6] Medeiros did not oppose the motion on this basis. Health Net filed a motion for reconsideration, arguing the trial court could not deny the motion to compel under Code of Civil Procedure section 1281.2, subdivision (c) because the arbitration clause contained in the EOC "is governed by the Federal Arbitration Act." Medeiros conceded that point, but nevertheless urged the trial court to deny Health Net's motion for reconsideration on the ground the arbitration provision is unenforceable for failure to comply with the disclosure requirements set forth in section 1363.1. In a reply brief in support of its motion for reconsideration, Health Net made the arguments it had raised previously and also asserted for the first time that a court cannot refuse to enforce an arbitration agreement for failure to comply with section 1363.1 because the Department of Managed Health Care "has exclusive authority to enforce section 1363.1 and all other provisions of the Knox-Keene Act."

At oral argument on Health Net's motion for reconsideration, the trial court stated it had originally denied Health Net's motion to compel arbitration on

---

[6] The trial court's order is not in the record before this court.

an "incorrect" ground. The court rejected Medeiros's argument about non-compliance with section 1363.1's disclosure requirements stating, "I think that the disclosure in the contract [group service agreement] is what is contemplated, not an individual enrollment form." On June 12, 2006, the trial court issued an order granting the motion for reconsideration and compelling arbitration of Medeiros's claims against Health Net.

Medeiros filed a petition for writ of mandate challenging the trial court's June 12, 2006 order.[7] After receiving Health Net's preliminary opposition, this court issued an alternative writ directing the trial court to vacate the June 12 order or show cause before this court why it had not done so and why a peremptory writ of mandate requiring it to vacate the order should not issue. Health Net filed a return and Medeiros filed a reply.

## DISCUSSION

In the petition for writ of mandate, Medeiros contends the arbitration provisions in the benefits election agreement and the EOC are unenforceable against Medeiros because Health Net did not comply with the disclosure requirements set forth in section 1363.1. We agree. Our interpretation of section 1363.1 and our determination of its applicability to the undisputed facts in this case are questions of law subject to our independent review.[8]

Section 1363.1 provides: "Any health care service plan that includes terms that require binding arbitration to settle disputes and that restrict, or provide for a waiver of, the right to a jury trial shall include, in clear and understandable language, a disclosure that meets all of the following conditions: [¶] (a) The disclosure shall clearly state whether the plan uses binding arbitration to settle disputes, including specifically whether the plan uses binding arbitration to settle claims of medical malpractice. [¶] (b) The disclosure shall appear as a separate article in the agreement issued to the employer group or individual subscriber and shall be prominently displayed on the enrollment

---

[7] An order compelling arbitration is not an appealable order. (*Atlas Plastering, Inc. v. Superior Court* (1977) 72 Cal.App.3d 63, 67 [140 Cal.Rptr. 59].) As a threshold matter, we briefly address and reject Health Net's assertion writ review is not available in this case because Medeiros has not demonstrated the arbitration would be unduly time consuming or expensive. (See *Atlas Plastering, Inc. v. Superior Court, supra*, 72 Cal.App.3d at p. 68 [order compelling arbitration may be reviewed on a petition for writ of mandate "if the arbitration would appear to be unduly time consuming or expensive"].) We believe any arbitration compelled in the absence of a valid, enforceable arbitration agreement is an unduly time consuming and expensive proposition. Writ review is the appropriate way to review the challenged order and avoid having parties try a case in a forum where they do not belong, only to have to do it all over again in the appropriate forum.

[8] *Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 [34 Cal.Rptr.3d 547].

form signed by each subscriber or enrollee. [¶] (c) The disclosure shall clearly state whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both, and shall be substantially expressed in the wording provided in subdivision (a) of Section 1295 of the Code of Civil Procedure. [¶] (d) In any contract or enrollment agreement for a health care service plan, the disclosure required by this section shall be displayed immediately before the signature line provided for the representative of the group contracting with a health care service plan and immediately before the signature line provided for the individual enrolling in the health care service plan."

■ The disclosure requirements set forth in section 1363.1 are mandatory.[9] California appellate courts have refused to enforce arbitration clauses which do not satisfy these requirements.[10] Courts have "concluded that strict compliance with section 1363.1 is required to enforce [an] arbitration provision" in a health service plan.[11] "[T]echnical violations" of the statute—such as the failure to prominently display an arbitration provision immediately above the signature line on the enrollment form—"render [the] arbitration provision unenforceable"[12] regardless of whether the person enrolling in the health plan received some notice of the arbitration clause by reviewing the noncomplying provision.[13]

Neither the benefits election agreement nor the EOC satisfies the disclosure requirements of section 1363.1. Neither contains an arbitration provision which is prominently displayed immediately above a line for the enrollee's signature. A lengthy discussion about compliance or noncompliance is not warranted here because Health Net does not claim these arbitration provisions comply with section 1363.1. What Health Net argues is a signed arbitration agreement complying with the disclosure requirements of section 1363.1 is not necessary in this case for the courts to compel Medeiros to arbitrate its dispute. Health Net states a variety of reasons for its conclusion, each of which we address and reject below.

First, Health Net asserts Medeiros is bound by the arbitration provisions found in the group service application and group service agreement between Health Net and the County, regardless of whether Medeiros received the

---

[9] *Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 64 [16 Cal.Rptr.3d 687].

[10] *Robertson v. Health Net of California, Inc., supra,* 132 Cal.App.4th at page 1422; *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at pages 62–63; *Imbler v. PacifiCare of Cal., Inc.* (2002) 103 Cal.App.4th 567, 577–579 [126 Cal.Rptr.2d 715].

[11] *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at page 50.

[12] *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at page 50.

[13] *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at page 72.

protection of section 1363.1's disclosures. Health Net cites *Madden v. Kaiser Foundation Hospitals*,[14] a case the California Supreme Court decided more than 15 years before the Legislature enacted section 1363.1. The Supreme Court in *Madden* held the Board of Administration of the State Employees Retirement System (board) acted as an agent or representative of state employees when it negotiated a group health plan with Kaiser Foundation Health Plan, and the board had "implied authority to agree to arbitration of malpractice claims of enrolled employees arising under the contract."[15]

A little over a year ago, in *Viola v. Department of Managed Health Care*,[16] Division Four of this appellate district had an opportunity to revisit and interpret *Madden* in light of section 1363.1. *Viola* is not a case about proper disclosures. The plaintiffs did not argue the arbitration provisions at issue failed to comply with section 1363.1's requirements.[17] The plaintiffs contended it was improper for the Department of Managed Health Care, the agency which licenses and regulates California health service plans under the Knox-Keene Act,[18] to approve plans "containing mandatory binding arbitration clauses."[19] The plaintiffs asserted this practice violated their right to jury trial. The Court of Appeal disagreed.

Finding the Legislature was aware of *Madden* when it enacted section 1363.1, the appellate court in *Viola* concluded: "Rather than abrogating the *Madden* decision by requiring an individual waiver of right to jury trial by a person enrolling in a health care service plan requiring binding arbitration, *the Legislature extended to enrollees the more limited protection of disclosure.* We agree with the trial court that the enactment of section 1363.1 evinces a legislative intent to allow binding arbitration in health care service plans negotiated by employers acting as agents of their employees. Because a health care service contract may contain an arbitration clause so long as it complies with the disclosure requirements of section 1363.1, an employer is empowered under *Madden* to negotiate a waiver of jury trial on behalf of its employees by negotiating a contract including such a clause with a health care service plan."[20] The appellate court went on to explain, where an

---

[14] *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699 [131 Cal.Rptr. 882, 552 P.2d 1178].

[15] *Madden v. Kaiser Foundation Hospitals, supra,* 17 Cal.3d at pages 702–703, 705–709.

[16] *Viola v. Department of Managed Health Care* (2005) 133 Cal.App.4th 299 [34 Cal.Rptr.3d 626].

[17] *Viola v. Department of Managed Health Care, supra,* 133 Cal.App.4th at page 313.

[18] Knox-Keene Health Care Service Plan Act of 1975, Health and Safety Code section 1340 et seq.; *Viola v. Department of Managed Health Care, supra,* 133 Cal.App.4th at pages 307, 309.

[19] See *Viola v. Department of Managed Health Care, supra,* 133 Cal.App.4th at page 304.

[20] *Viola v. Department of Managed Health Care, supra,* 133 Cal.App.4th at page 312, italics added.

employer negotiates a health care plan which imposes binding arbitration on employees who enroll in it, the employees have the choice to "enroll in the plan and give up a right to jury trial, or decline to enroll and forgo coverage under the plan."[21]

 The *Madden* and *Viola* decisions do not support Health Net's position in this case. Medeiros is not arguing County employees should have been given the choice to enroll in a health plan which preserved their right to a jury trial. Medeiros is arguing a group health plan which has binding arbitration as a term must include a disclosure to the employee-subscribers which meets the requirements of section 1363.1. Neither *Madden* nor *Viola* holds otherwise. We interpret section 1363.1 to provide protection in the form of certain disclosures to all consumers, not just consumers who individually subscribe to a health plan. The statute clearly indicates an individual who enrolls in a health care service plan will receive a certain type of disclosure which is prominently displayed immediately before the signature line on the form the individual signs to enroll in the plan.[22]

When it comes to making the decision whether to enroll in a health plan and be bound by an arbitration clause, we can see no reason why employees who enroll in a group plan should be afforded some lesser right of disclosure. The legislative history supports our interpretation of section 1363.1. The bill was drafted due to a concern "some health care service plans fail to adequately advise *prospective enrollees* that terms of the plan restrict or waive the right to a jury trial in medical malpractice cases."[23] In the context of a group health plan, it is the employees, not the employers, who are the "prospective enrollees." Considering the reason for the legislation and the plain language of the statute, we cannot hold a health plan satisfies its obligations under section 1363.1 when it makes the required disclosure to the employer but not the employees who enroll in the group plan.

Health Net's second reason why the arbitration agreement in the EOC should be enforceable against Medeiros regardless of compliance or noncompliance with the disclosure requirements is the fact Health Net chose not to use an "enrollment form" or "application" to enroll Medeiros in the group health plan. The County provided a benefits election agreement to its employees. Employees who wanted to enroll in one of the available health plans filled out the form and turned it in to the County. The County then submitted these forms to Health Net (or one of the two other providers).

---

[21] *Viola v. Department of Managed Health Care*, *supra*, 133 Cal.App.4th at page 314.

[22] Section 1363.1, subdivisions (b) and (d).

[23] Senate Rules Committee, Office of Senate Floor Analyses, 3d reading analysis of Assembly Bill No. 3260 (1993–1994 Reg. Sess.) as amended August 24, 1994, page 4, italics added. On the court's own motion, we take judicial notice of this legislative history of section 1363.1.

Health Net states there is nothing in the Knox-Keene Act which requires a health plan to use its own enrollment form or application. Health Net asserts compliance with the disclosure requirements of section 1363.1 is mandatory only if a health plan chooses to use such an enrollment form or application. Health Net argues, where an employer uses its own form, there is "no vehicle" for the health plan to make the disclosures. Health Net states it cannot control the County's procedures.

Health Net's interpretation of section 1363.1 is not reasonable. We will not interpret this statute to mean a health plan can avoid the mandatory disclosure requirements by simply choosing not to use a document called an "enrollment form" or "application." Health Net elevates form over substance. We note the group service agreement between Health Net and the County states "enrollment forms of the Group's eligible employees" will be a part of the agreement between the parties. Health Net concedes it used the signed benefits election agreement to enroll Medeiros in the group health plan. Thus, as it relates to this discussion, the benefits election form served the same purpose as an "enrollment form" or "application."[24] The employee signs up for the health plan using the benefits election agreement and thereby enters into a contract with the health plan. Health Net seeks to enforce the terms set forth in the benefits election agreement, including the arbitration provision, against Medeiros.

The plain language of section 1363.1 is clear. If a health plan wants to require employee-subscribers to a group plan to arbitrate disputes, the health plan must make the mandatory disclosures. We can conceive of no reason why employees who sign a document called an "enrollment form" provided by the insurance company should receive more protection than employees who sign a document called a "benefits election agreement" provided by their employer. If an employer-prepared form does not provide the health plan with an appropriate "vehicle" to make the required disclosures then the health plan must provide its own form for this purpose.

Health Net's final reason why we should affirm the trial court's order compelling Medeiros to arbitrate the claims against Health Net is its assertion the only remedy for noncompliance with section 1363.1's disclosure requirements is an administrative remedy handed down by the Department of Managed Health Care. Health Net contends courts do not have the authority to refuse to enforce an arbitration agreement based on a health plan's failure to comply with the mandatory disclosure requirements of section 1363.1. In

---

[24] In headings in both the preliminary opposition and return, Health Net referred to the form Lee Medeiros signed as an "enrollment form."

*Malek v. Blue Cross of California,*[25] Division Three of this appellate district in an opinion authored by Justice Croskey addressed and rejected these same arguments. Not surprisingly, Health Net argues *Malek* was wrongly decided. We disagree.

Because these issues were thoroughly explored and discussed in *Malek*, and because we choose to apply the sound legal reasoning employed in *Malek*, our discussion will be brief. Based on the plain language of the statute and the legislative history, the appellate court in *Malek* concluded, because the disclosure requirements in section 1363.1 are mandatory, they are necessary to create an enforceable arbitration provision in a health service plan, regardless of whether the subscriber actually had notice of the term requiring arbitration.[26] We agree, and are not persuaded otherwise by the fact there is nothing in the Knox-Keene Act explicitly stating an arbitration provision which does not comply with section 1363.1 is per se unenforceable. What protection does the statute afford to a consumer if courts will enforce arbitration provisions which do not comply with these mandatory disclosure requirements? As the appellate court in *Malek* aptly stated: "It would be absurd to impose an administrative penalty on a health service plan provider for failure to comply with the arbitration disclosure requirements but permit arbitration to go forward."[27] Although the Department of Managed Health Care is responsible for licensing and regulating health care service plans, including reviewing the documents the plans use to enroll subscribers, there is nothing in the Knox-Keene Act indicating courts lack the power to strike down arbitration clauses which fail to comply with the requirements of section 1363.1.

For all the foregoing reasons, we direct the trial court to vacate its order compelling Medeiros to arbitrate this dispute with Health Net and to issue an order denying Health Net's motion to compel arbitration. The disclosure requirements of section 1363.1 are mandatory. Medeiros was entitled to the same disclosure from Health Net concerning the arbitration provisions as any individual subscriber who signed an enrollment form. Medeiros did not receive a disclosure which complied with section 1363.1. Accordingly, we will not enforce the arbitration provisions against Medeiros.

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the respondent superior court to vacate its June 12,

---

[25] *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th 44.

[26] *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at pages 64, 67, 69, 72.

[27] *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th at page 69.

2006 order compelling arbitration, and to issue an order denying real parties in interest's motion to compel arbitration. Petitioners are entitled to recover their costs in this writ proceeding.

Perluss, P. J., and Zelon, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied April 25, 2007, S150473.