**WELLS FARGO BANK, N.A.,**
**Plaintiff–Appellant,**

v.

**LINCOLN BENEFIT LIFE COMPANY, Defendant–Appellee.**

**No. 15–12252**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 2016.

Simon R. Malko, Brian Joel Levy, Morris Manning & Martin, LLP, Atlanta, GA, for Plaintiff–Appellant.

Katherine Villanueva, Jason P. Gosselin, Drinker Biddle & Reath, LLP, Philadelphia, PA, John Colquitt Rogers, Carlock Copeland & Stair, LLP, Atlanta, GA, Defendant–Appellee.

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Wells Fargo Bank, N.A. (Wells Fargo) appeals the district court's order denying its motion in limine to exclude evidence and granting a motion for summary judgment in favor of Lincoln Benefit Life Company (Lincoln). Wells Fargo brought this breach of contract action arising out of a dispute over proceeds of the life insurance policy on the life of Najah Almalat (Policy). After thorough consideration of the briefs and review of the record, we affirm the district court's denial of the motion in limine but reverse its grant of summary judgment on equitable estoppel grounds.

## I.

Lincoln first issued the Policy in 1999, which listed Ms. Almalat's date of birth as June 11, 1936.[1] Under the terms of the Policy, any misstatement of Ms. Almalat's age on the application would result in an adjustment of the proceeds to reflect to correct age.

Upon Ms. Almalat's death in Syria in February 17, 2010, Wells Fargo's predecessor in interest, Life Settlements Funds Limited Trust (Trust), submitted a claim for the death benefit under the Policy.[2] As part of the documentation required to make the claim, the Trust representatives submitted a completed and signed Claimant's Statement for Life Insurance Proceeds (Claimant's Statement), Foreign Death Questionnaire, and Ms. Almalat's

---

1. The original Policy listed Ms. Almalat's date of birth as August 30, 1936. The date of birth on the application was later changed to June 11, 1936 after the predecessors in interest of Wells Fargo presented Lincoln with a copy of Ms. Almalat's California Senior Citizen Identification Card issued by the California State Transportation Agency, Department of Motor Vehicles.

2. In late 2010, the Trust was terminated and all assets held by the Trust were transferred to Wells Fargo.

Syrian Death Statement with English translation. All three documents listed Ms. Almalat's date of birth as January 12, 1931. Lincoln subsequently informed the Trust representatives that it had adjusted the face amount of the Policy based on the misstatement of age provision. While the original face amount of the Policy as of Ms. Almalat's death was $2,953,735, Lincoln had adjusted the payment based on the 1931 birthdate to the lower amount of $1,868,927.83.

Based on this adjustment, Wells Fargo brought this claim for breach of contract, alleging that Lincoln improperly adjusted the face value of the Policy and therefore still owed an additional $1,084,807.17 payment on the Policy. In support of this claim, Wells Fargo offers records from the California Department of Motor Vehicles and the Social Security Administration, which reflect a 1936 birth date. Lincoln moved for summary judgment, while Wells Fargo moved to exclude all reference to Ms. Almalat's date of birth in the Syrian records. The district court granted summary judgment in favor of Lincoln and denied Wells Fargo's motion in limine, prompting this appeal.

## II.

"We review the district court's grant of summary judgment de novo," viewing all evidence in a light most favorable to the non-moving party. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225 (11th Cir. 2005). Summary judgment is properly granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

This court reviews a district court's grant or denial of a motion in limine for an abuse of discretion. *Al–Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir.2011).

## III.

### A. *Motion in Limine*

■ Wells Fargo argues the district court erred in finding the Syrian Death Statement admissible as nonhearsay under Rule 801(d)(2). A statement is excepted from hearsay when it is "offered against an opposing party and ... is [a statement] the party manifested that it adopted or believed to be true." Fed.R.Evid. 801(d)(2)(B). While Wells Fargo argues that the Trust representatives had no intention of adopting the birthdate statements on the Syrian Death Statement, the representatives certified with signature that the information provided in their claim documents, including the Syrian Death Statement, was "true and complete to the best of [its] knowledge and belief." The district court did not abuse its discretion in finding this certification sufficient to indicate the Trust representatives "manifested [their] adoption or belief in the truth of [the birthdate statements on the Syrian Death Statement]." *See United States v. Champion*, 813 F.2d 1154, 1172 (11th Cir.1987). Given our highly deferential standard of review, we are unable to find an abuse of discretion by the district court in admitting the Syrian Death Statement.

The district court found the admissibility of the Syrian Birth Certificate moot in light of its grant of summary judgment. Because we reverse the grant of summary judgment, the admissibility of the Syrian Birth Certificate is no longer a moot issue. Therefore, we remand to the district court to reconsider this evidence in light of our findings.

### B. *Summary Judgment*

■ Because the district court's grant of summary judgment turned on its finding of equitable estoppel, we focus our

analysis on this issue. Equitable estoppel under California law, which the parties agree they are subject to, requires that "[w]henever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." Cal. Evid.Code § 623. The California courts have enumerated the following circumstances required for equitable estoppel: "(1) [Wells Fargo] must be apprised of the facts; (2) [Wells Fargo] must intend that [its] conduct shall be acted upon, or so must act that [Lincoln] had a right to believe it was so intended; (3) [Lincoln] must be ignorant of the true state of facts; and (4) [Lincoln] must rely upon the conduct to [its] injury." *City of Goleta v. Superior Court*, 40 Cal.4th 270, 52 Cal.Rptr.3d 114, 147 P.3d 1037, 1042 (2006) (internal quotation marks omitted). Based on the evidence in the record, viewed in the light most favorable to Wells Fargo, it is unclear whether Lincoln was ignorant of the facts and relied on the Claim Statement and Syrian Death Statement in interpreting its misstatement of age provision.

Under the ignorance prong, Lincoln must be unaware of the "true state of facts," namely the birthdate discrepancy. After learning of Ms. Almalat's death, Lincoln proceeded to conduct its own independent investigation into Ms. Almalat's birth and death information, as is custom when a policyholder dies abroad. In February 2011, nearly four months after the Trust representatives filed the Claimant's Statement representing Ms. Almalat's birth as 1931, Lincoln received an email attaching a copy of Ms. Almalat's birth certificate and noting the discrepancy in birthdate between Syria's written birth certificate and electronic record.[3] This evidence demonstrates that Lincoln was made aware of the birthdate discrepancy.

Lincoln's independent investigation also calls into question whether it truly relied on Wells Fargo's Claimant Statement and Syrian Death Statement in determining the insurance proceeds due. Lincoln fails to point to any evidence in the record or make any argument to refute this interpretation beyond a conclusory footnote stating that its routine claim investigation did not undermine its reasonable reliance on the date provided by Wells Fargo. It has failed to carry its burden of showing all four prongs of the equitable estoppel defense are met.

The equitable estoppel doctrine, which "rests firmly upon a foundation of conscience and fair dealing," simply does not fit these facts. *City of Long Beach v. Mansell*, 3 Cal.3d 462, 91 Cal.Rptr. 23, 476 P.2d 423, 442 (1970) (en banc). Wells Fargo did not engage in unfair dealing, and it is clear that Lincoln had ready access to information showing a discrepancy with the birthdate existed. Viewing this evidence in the light most favorable to Wells Fargo, the district court erred in concluding that all elements of a proper equitable estoppel claim were present and sufficiently supported by the evidence to merit summary judgment. *See* Fed.R.Civ.P. 56(c).

Without the affirmative defense of equitable estoppel, there still lies a genuine issue of material fact for resolution of the

---

**3.** The email in the record is addressed to Leslie Carpenter of AXA Equitable, another insurance company that issued a life insurance policy to Ms. Almalat. However, Wells Fargo states in its brief that this email was subsequently forwarded to Lincoln, and Lincoln does not dispute this fact in its response. *See Wolitarsky v. Blue Cross of Cal.*, 53 Cal. App.4th 338, 61 Cal.Rptr.2d 629, 632 (1997) (the burden is on the party asserting estoppel to establish all elements of the defense).

breach of contract claim. Indeed, the entire case appears to turn on Ms. Almalat's true birthdate, a fact both parties acknowledge is still very clearly in dispute. Therefore, we vacate the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

## IV.

In sum, we find that (i) the district court did not abuse its discretion in admitting Ms. Almalat's Syrian Death Statement and (ii) the district court erred in granting summary judgment on the basis of equitable estoppel and, therefore, a genuine issue of material fact exists as to whether Ms. Almalat was born in 1931 or 1936 for purposes of the breach of contract claim. Therefore, we affirm in part and reverse in part, and remand to the district court for further proceedings consistent with this opinion.

**AFFIRM IN PART, REVERSE IN PART.**