Filed 8/20/24  Mabudian v. Beaver Medical Group CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| MOHSEN MABUDIAN, et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>BEAVER MEDICAL GROUP, P.C., et al.,<br><br>    Defendants and Appellants. | D083783<br><br><br>(Super. Ct. No. CIVSB2133187) |

APPEAL from an order of the Superior Court of San Bernardino County, David S. Cohn, Judge.  Affirmed.

Gibson, Dunn & Crutcher, Michael J. Holecek, Isabella R. Sayyah; Velkei Law, Steven Anthony Velkei and Christopher Gerard Wilson for Defendants and Appellants.

The Arkin Law Firm, Sharon J. Arkin; Barta Law and Theresa J. Barta for Plaintiffs and Respondents.

Defendants Beaver Medical Group, P.C. (Beaver), Epic Management Services, LLC, Epiic Management, Inc., and John Goodman (collectively, BMG), appeal an order denying their motion to compel arbitration of claims asserted by plaintiff Donna Cody.  BMG contends the trial court erred by

finding that BMG failed to establish a basis for enforcing an alleged arbitration agreement between Cody and her medical insurance carrier, Anthem Blue Cross (Anthem).  Specifically, BMG argues Cody should be compelled to arbitrate her claims against BMG, even though it is not a party to any arbitration agreement with Cody, under equitable estoppel principles.

We conclude that BMG has not met its burden of proving that the alleged arbitration agreement between Cody and Anthem complies with Health and Safety Code section 1363.1 (section 1363.1).  Because non-compliance with section 1363.1, when applicable, makes an arbitration agreement invalid, we affirm the trial court's denial of BMG's motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

Cody was insured under an Anthem health plan when she began receiving treatment for an immune system condition.  Anthem assigned Beaver to be Cody's medical provider.  Cody received Intravenous Immunoglobulin Therapy (IVIg) treatment for her condition from Dr. Mohsen Mabudian, a physician who worked for Beaver, until Beaver terminated Dr. Mabudian.  According to Cody, BMG then denied her requests to authorize insurance coverage for continued IVIg treatment with Dr. Mabudian, forcing Cody to pay out of pocket for the treatment.  After Cody appealed BMG's denial of her requests, the California Department of Managed Health Care determined that Cody's IVIg treatment was medically necessary, and BMG authorized her requested treatment.

Cody sued BMG asserting several causes of action based on allegations that BMG wrongfully prevented her from obtaining coverage for her IVIg

2

treatments and care by Dr. Mabudian.[1] BMG moved to compel arbitration of Cody's claims on equitable estoppel grounds, relying on an alleged arbitration agreement between Cody and Anthem. BMG relied on an arbitration provision in a 190-page booklet entitled "Combined Evidence of Coverage and Disclosure Form" (EOC), which states that "[a]ny dispute or claim . . . arising out of, in connection with, or in relation to: [¶] This *plan* or the *agreement*, or breach or rescission thereof; or [¶] In relation to care or delivery of care, including any claim based on contract, tort or statute; [¶] must be resolved by arbitration if the amount sought exceeds the jurisdictional limit of the small claims court."

The EOC provision also cites section 1363.1, which provides as follows:

"Any health care service plan that includes terms that require binding arbitration to settle disputes and that restrict, or provide for a waiver of, the right to a jury trial shall include, in clear and understandable language, a disclosure that meets all of the following conditions:

"(a) The disclosure shall clearly state whether the plan uses binding arbitration to settle disputes, including specifically whether the plan uses binding arbitration to settle claims of medical malpractice.

"(b) The disclosure shall appear as a separate article in the agreement issued to the employer group or individual subscriber and shall be prominently displayed on the enrollment form signed by each subscriber or enrollee.

"(c) The disclosure shall clearly state whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both, and shall be substantially expressed in the wording provided in

---

[1] Dr. Mabudian is also a plaintiff in the underlying suit against BMG and asserts claims not relevant to this appeal.

3

subdivision (a) of Section 1295 of the Code of Civil Procedure.

"(d) In any contract or enrollment agreement for a health care service plan, the disclosure required by this section shall be displayed immediately before the signature line provided for the representative of the group contracting with a health care service plan and immediately before the signature line provided for the individual enrolling in the health care service plan."

The EOC provision includes a disclosure statement consistent with language in Code of Civil Procedure section 1295, subdivision (a), which governs contracts for medical services. But nowhere on the pages containing the arbitration provision, or anywhere in the EOC, is there a signature line for Cody or an Anthem representative.

Cody opposed the motion to compel arbitration, arguing among other things that the arbitration clause is unenforceable for failure to comply with section 1363.1's mandatory disclosure requirements. Cody attached the form she signed in 2016 to enroll in her Anthem insurance plan through her employer. The form lists three plan options and includes a space for the employee to mark which plan they are selecting, a space for personal information, and a line for the employee's signature. The enrollment form makes no mention of arbitration and contains none of the disclosure language provided in section 1363.1.

The trial court denied BMG's motion to compel arbitration of Cody's claims,[2] finding that BMG has no basis for enforcing the alleged arbitration

---

[2]    BMG also filed a motion to compel arbitration of Dr. Mabudian's claims, which the trial court granted based on an arbitration clause in Dr. Mabudian's employment contract with Beaver.

4

agreement between Cody and Anthem.  The court reasoned that because Cody's allegations were not "founded on any terms within Cody's agreement with Anthem[,]" BMG failed to establish it has a right to enforce the arbitration agreement "under the doctrine of equitable estoppel or otherwise." The court did not expressly address Cody's section 1363.1 argument.[3]  BMG timely appealed pursuant to Code of Civil Procedure section 1294, subdivision (a).[4]

## DISCUSSION

BMG argues in its opening brief that the trial court erred by finding equitable estoppel inapplicable, because Cody's claims are intertwined with her Anthem plan.  Cody argues in her response, among other things, that BMG failed to meet its burden of establishing her alleged arbitration agreement with Anthem is valid under section 1363.1.  In its reply, BMG does not dispute that section 1363.1 applies, and that neither the 2016 enrollment form nor the EOC's arbitration provision complies with that section's requirements for the prominence and placement of disclosure statements.  (See § 1363.1, subds. (b) & (d).)  Rather, BMG contends that

---

[3]    Although the trial court did not base its decision on section 1363.1, generally "a judgment or order will be affirmed if it is correct on any theory, regardless of the trial court's reasons," unless doing so would unfairly prejudice appellant by depriving them of the opportunity to litigate an issue of fact.  (*Bailon v. Appellate Div.* (2002) 98 Cal.App.4th 1331, 1339.)  We may affirm the order on section 1363.1 grounds because Cody raised the section 1363.1 argument in the trial court, and BMG had an opportunity to litigate any relevant factual issues.  (See *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 778, fn. 7.)

[4]    Code of Civil Procedure section 1294, subdivision (a), provides that "[a]n aggrieved party may appeal from . . . [a]n order dismissing or denying a petition to compel arbitration."

Cody—not BMG—bears the burden of proving the arbitration agreement is non-compliant, and that because the record only includes the 2016 enrollment form and not the *initial* form Cody signed to enroll in Anthem's plan, Cody has not met her burden. We disagree.

We review de novo the denial of BMG's motion to compel arbitration. (See *Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 708 [whether non-signatories can enforce an arbitration clause is a question of law].) The party seeking to compel arbitration bears the burden of proving the existence of a *valid* arbitration agreement by a preponderance of the evidence before the burden shifts to the party opposing the petition to prove any fact necessary to its defense. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972 (*Engalla*); *Avila v. Southern California Specialty Care, Inc.* (2018) 20 Cal.App.5th 835, 843–844 (*Avila*) ["The party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement."].)

Whether a valid agreement to arbitrate exists is a threshold issue of contract formation and state contract law. (*Avila, supra*, 20 Cal.App.5th at p. 843.) And where section 1363.1 applies, the party seeking to compel arbitration cannot demonstrate the existence of a valid agreement to arbitrate without a showing of compliance with the statute. "[A]bsent the arbitration disclosure requirements of section 1363.1, the minimal requirements under state law contract principles have not been met and there is no contract to arbitrate that can be enforced." (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 65 (*Malek*).) In other words, "[a]greements to arbitrate that do not comply with section 1363.1 are void,

not voidable."  (*Baglione v. Health Net of California, Inc.* (2023) 97 Cal.App.5th 882, 893 (*Baglione*).)

Thus, contrary to what BMG argues, section 1363.1 does not operate as a mere defense to enforcement; if section 1363.1 applies and the arbitration provision at issue does not meet its requirements, the provision is itself invalid.  (See *Rodriguez v. Blue Cross of California* (2008) 162 Cal.App.4th 330, 341 [arbitration provision "invalid" for failure to comply with section 1363.1]; *Erickson v. Aetna Health Plans of Cal.* (1999) 71 Cal.App.4th 646, 650 ["It is undisputed Aetna's arbitration clause did not comply with [disclosure] requirements.  Accordingly, if section 1363.1 applies, the clause is invalid."].)  It is therefore BMG's burden to prove compliance with section 1363.1 because doing so is necessary to prove the existence of a valid arbitration agreement, before any burden shifts to Cody.  (See *Avila, supra*, 20 Cal.App.5th at pp. 843–844.)

BMG has failed to meet its burden here.  As noted, the 2016 enrollment form that Cody signed contains no mention of arbitration, let alone any portion of the disclosure language section 1363.1 requires.  (See § 1363.1, subd. (c).)  To the extent some other enrollment form should have been admitted into evidence, as BMG contends, it was BMG's burden to produce that form as the party seeking to compel arbitration.  BMG relies on the EOC's arbitration provision, which includes disclosure language.  But that disclosure fails to meet both the prominence and placement requirements in section 1363.1, subdivisions (b) and (d), requiring that the disclosure be displayed separately and prominently on the enrollment form "immediately before" the signature lines for both the plan's representative and "the

7

individual enrolling in the health care service plan." The EOC's arbitration disclosure is buried in a 190-page booklet, which contains no signature lines.

Section 1363.1's requirements are not mere technicalities that serve no substantive purpose. The prominence and placement requirements are intended to protect health care consumers from the consequences of unknowingly waiving their constitutional right to a jury trial. (*Baglione, supra*, 97 Cal.App.5th at p. 888; *Malek, supra*, 121 Cal.App.4th at p. 64.) The Legislature made clear in section 1363.1's plain language that "the arbitration disclosure requirements are mandatory." (*Malek*, at p. 64.) In light of that mandate, courts have found arbitration clauses subject to section 1363.1 invalid even where the disclosure and signature line are on the same page, but not placed immediately next to each other without intervening language. (See *Baglione*, at p. 889; *Medeiros v. Superior Court* (2007) 146 Cal.App.4th 1008, 1015 [even technical violations render arbitration provision unenforceable]; *Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1427–1428 [affirming denial of health plan's motion to compel arbitration where section 1363.1 disclosure was "close by," but not "immediately before" the signature line]; *Malek, supra*, 121 Cal.App.4th at pp. 62–63 [section 1363.1 requirements not satisfied where there was a paragraph between the arbitration disclosure and the signature line].) Here, the arbitration disclosure and the enrollment form signature line are not even in the same document, which defeats section 1363.1's purpose of notifying consumers that they are waiving important rights.

The cases BMG cites do not support its position that Cody bears the burden of proving compliance with section 1363.1, because those cases did not involve section 1363.1. (See, e.g., *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 231 [condominium

8

dispute not involving section 1363.1]; *Engalla, supra*, 15 Cal.4th at p. 961 [arbitration agreement pre-dated section 1363.1's enactment]; *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 402 [purchase of securities, not section 1363.1]; *Leger v. R.A.C. Rolling Hills L.P.* (2022) 84 Cal.App.5th 240, 244, fn. 4 [section 1363.1 not implicated and parties conceded validity of arbitration agreement]; *Chin v. Advanced Fresh Concepts Franchise Corp.* (2011) 194 Cal.App.4th 704, 707 [franchise dispute not involving section 1363.1]; *Walton v. City of Red Bluff* (1991) 2 Cal.App.4th 117 [land transfer case not involving arbitration or section 1363.1]; see also *Wolitarsky v. Blue Cross of Cal.* (1997) 53 Cal.App.4th 338, 348 [section 1363.1 does not apply to policies issued before its enactment in 1994].) And unlike the situation in *Kuntz v. Kaiser Foundation Hospital* (2021) 62 Cal.App.5th 1135, BMG has not shown (or even asserted) it is exempt from section 1363.1's requirements, nor has it shown the enrollment form did comply with section 1363.1. (*Id.* at pp. 1147–1149 ["plain and unambiguous language of Government Code section 22869 exempts CalPERS enrollments from the requirements of section 1363.1" and "Kaiser's disclosures to CalPERS comply with the requirements of section 1363.1."].)

For these reasons, we conclude BMG has not met its burden of proving that any arbitration agreement between Cody and Anthem was valid and compliant with section 1363.1. Accordingly, we affirm. We need not and do not address other arguments asserted by the parties.

## DISPOSITION

The order denying BMG's motion to compel arbitration of Cody's claims is affirmed.  Cody is entitled to her costs on appeal.


BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.